319 So.2d 154 (1975)
Klenge M. NELSON, II, Appellant,
v.
STATE of Florida, Appellee.
No. 73-1079.
District Court of Appeal of Florida, Second District.
September 26, 1975.
*155 Robert E. Jagger, Public Defender, and V. John Brook, Asst. Public Defender, Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, a high school student, was observed smoking (a violation of school rules) with another boy, on the school grounds during school hours by the Dean of Boys and a teacher. They had been looking for another student, but became suspicious when they saw the boys by the tractor shed. When asked what they were doing, the boys answered smoking. An odor of marijuana was detected by one of the two school officials. Both boys were taken to the Dean's office. Appellant was informed that if he failed to remove all articles from his pockets, school security would be summoned in accordance with established school procedures in such cases. Thereupon appellant complied with the request and removed all articles from his pockets. A pack of marijuana and a corncob pipe were among the articles. Subsequently, an information was filed by the state charging appellant with violation of the Florida Comprehensive Drug Abuse Law, to wit: possession of paraphernalia.
Appellant filed a motion to suppress. The state filed a pretrial motion to exclude the testimony of appellant's expert witnesses. The trial court, after hearing, granted the motion to exclude and denied the motion to suppress. Whereupon, appellant entered a plea of nolo contendere and reserved his right to appeal both of the said rulings. Appellant was placed on probation *156 under supervision for a term of three years. This timely appeal followed.
Appellant has raised two points on appeal. The first being, in essence, whether the warrantless search and seizure conducted by school officials and the subsequent turning over of the said contraband to the state was unreasonable and constituted a violation of appellant's Fourth Amendment rights. We have been unable to find a Florida case decisive of this point.
Appellant's position is based upon the premise that reasonable suspicion was not shown to exist to justify the search and seizure. We do not agree. We have given considerable attention to appellant's contention that school officials are government officers for purposes of the Fourth Amendment. However, we have no difficulty in determining that school officials in the State of Florida have the responsibility and duty for the safety and welfare of students while they are on school grounds, and we agree with the state's contention that school officials, at least to a limited degree, stand in loco parentis to students under their supervision and charge. See 79 C.J.S. Schools and School Districts § 493. The standard for a search and seizure grounded on reasonable suspicion may be found in People v. Jackson, N.Y.App. 1971, 65 Misc.2d 909, 319 N.Y.S.2d 731, where the court held:
The in loco parentis doctrine is so compelling in light of public necessity and as a social concept antedating the Fourth Amendment, that any action, including a search, taken thereunder upon reasonable suspicion should be accepted as necessary and reasonable... .
We are of the view that this standard of reasonable suspicion adequately protects the student from unlawful and arbitrary search and seizure. See State v. Baccino, Del. 1971, 282 A.2d 869. Many jurisdictions have adopted the in loco parentis doctrine in allowing school personnel, acting on reasonable suspicion, to search students. See People v. Jackson, supra; State v. Baccino, supra; and, In re State in the Interest of G.C., 1972, 121 N.J. Super. 108, 296 A.2d 102, and cases cited therein. As we interpret the facts in the record, we conclude that the seizure of appellant's property, consisting of contraband, was justified on the basis of reasonable suspicion as found by the trial court. The denial of appellant's motion to suppress by the trial court was correct.
Appellant's second point attacks the propriety of the ruling of the trial court granting the state's pretrial motion to exclude the testimony of appellant's expert witnesses attempting to establish that Cannabis Sativa L, as defined in Chapter 404, Florida Statutes, (now Section 893.02, Florida Statutes) is not inclusive of all types or forms of the plant, Cannabis, namely Cannabis Indica and Cannabis Ruderalis. We hold to the contrary, as did the trial court after a very lengthy hearing. The identical question has been raised in several federal cases and decided adversely to appellant's contention. See United States v. Rothberg, E.D.N.Y. 1972, 351 F. Supp. 1115, aff., United States v. Rothberg, 2d Cir.1973, 480 F.2d 534; United States v. Henley, 5th Cir.1974, 502 F.2d 585; and United States v. Gaines, 5th Cir.1974, 489 F.2d 690. Accordingly, we
Affirm.
GRIMES, J., concurs.
McNULTY, Acting C.J., concurs in conclusion only.