360 So.2d 148 (1978)
STATE of Florida, Appellant,
v.
F.W.E., a Child, Appellee.
No. JJ-256.
District Court of Appeal of Florida, First District.
June 29, 1978.
*149 Robert L. Shevin, Atty. Gen., A.S. Johnston, Asst. Atty. Gen., for appellant.
Michael J. Minerva, Public Defender, Louis G. Carres, Asst. Public Defender, Earl B. Hooten, II, Jacksonville Beach, for appellee.
BOYER, Acting Chief Judge.
We here consider an appeal by the State from an order granting a motion to suppress.
While walking down the hall of a high school in Jacksonville at approximately 10:00 a.m. on a school day the Dean of Boys observed a student (not appellee) go into the restroom. That student was described as "a special ed kid" who "has psychological learning disabilities". Upon the Dean entering the restroom he saw the just mentioned student and appellee standing at the urinals and heard the other student say to appellee something to the effect of "Hey, man, how about selling me a `j'"... "It's cool, man. You don't have to worry about me. I know that you have got some drugs" or "I know that you have got some stuff." The only thing that the Dean could remember appellee saying was "I don't know what you are talking about, man." Noticing the Dean, the other student left the restroom. Appellee was then taken to the Dean's office where, the Dean testified, it became apparent to him that appellee "exemplified signs of being intoxicated, wobbly in his walking, un____ you know, unbalanced. His eyes were bloodshot and red and his speech was somewhat impaired." Upon being directed by the Dean to empty his pockets nothing was found. The Dean then directed appellee to take off his shoes and socks whereupon a bag of marijuana was found in a sock. The Dean testified that there were no other circumstances which gave rise to the search and that he did not otherwise see nor smell the marijuana before the search. The Dean called (or had called) appellee's mother and the police, whereupon appellee was charged with being a delinquent child by being in possession of less than five grams of marijuana. A motion to suppress the warrantless search on the ground that there was an absence of probable cause was granted by the trial judge who recited (citing Nelson v. State, 319 So.2d 154 (Fla. 2nd DCA 1975)) that the Dean "did not have reasonable suspicion for the search".
The State presents one point on appeal which it phrases: "Did the trial court commit reversible error in suppressing tangible evidence by finding that reasonable suspicion did not exist at the time defendant was found to possess marijuana in his sock?" Appellee's response is two-fold: First he urges that the trial judge properly found an absence of "reasonable suspicion". Second, appellee takes the position that probable cause, not reasonable suspicion, is the proper standard and that clearly no probable cause was present. Arguing the point, appellee contends that notwithstanding the verbiage employed in Nelson v. State, supra, the facts reveal that there did there exist probable cause.
*150 That a child is entitled to the protection of the Fourth Amendment of the Constitution of the United States and Section 12, Article 1 of the Constitution of Florida is not an issue and is not questioned. However, it is clear that a child does not enjoy, for instance, a constitutional right of immunity from searches and seizures by its parents. To what extent, if any, the same principle applies to public school authorities standing in loco parentis has not been raised nor briefed by the parties and therefore is neither addressed nor decided by this decision. The parties to this case, as did apparently the court in Nelson v. State, supra, broached the facts with the assumption that constitutional considerations restrict, at least to some degree, searches and seizures by school authorities. We accordingly, for the purposes of this decision, approach the facts with the same presumption.
Subject to the foregoing caveat we agree with the reasoning of our sister court of the Second District as set forth in Nelson v. State and hold that reasonable suspicion, as distinguished from probable cause, existed under the facts of this case and was sufficient to sustain the action taken by the school authorities.
The first clause of the Fourth Amendment of the Federal Constitution and the first sentence of Section 12, Article 1, of the Florida Constitution, it will be noted, make no reference to probable cause and proscribe only "unreasonable" searches and seizures. Although, under decisions of the United States Supreme Court, the Supreme Court of Florida and this court, warrantless searches and seizures are viewed initially as being unreasonable, several exceptions have been recognized: As examples, "stop and frisk", "exigent circumstances", etc. Although the circumstances of this case do not reveal the classical grounds for any of those heretofore recognized exceptions, we are nevertheless of the view that the relationship between grade school student and those school authorities charged with the responsibility of teaching, training and maintaining order is such as to justify and require relaxation of the constitutional strictures relating to searches and seizures.
Further, our examination of the record reveals sufficient facts sub judice to have established "reasonable suspicion" and to have therefore sustained the action taken by the Dean.
Accordingly, the order granting the motion to suppress is reversed and this case is remanded for further proceedings consistent herewith.
SMITH and BOOTH, JJ., concur.