The Honorable David H. Pingree Secretary Department of Health and Rehabilitative Services 1317 Winewood Boulevard Tallahassee, Florida 32301
Dear Secretary Pingree:
This is in response to your request for an Attorney General's Opinion on the following question:
 DO SCHOOL OFFICIALS HAVE A RIGHT TO ATTEND INTERVIEWS BETWEEN CHILD PROTECTION INVESTIGATORS AND A REPORTEDLY ABUSED OR NEGLECTED CHILD WHEN SUCH INTERVIEWS OCCUR DURING THE SCHOOL DAY AND ON SCHOOL GROUNDS?
No mention is made in your letter of an allegation that the abuse or neglect concerned took place on school grounds or that school personnel were involved in the alleged abuse or neglect. Therefore, I will assume for purposes of this opinion that the abuse did not occur under these circumstances. You state that the department's investigator would conduct such an interview with the child to verify or disprove information contained in the report of neglect or abuse. Memoranda in our files suggest that since the material contained in this report is confidential pursuant to s 827.07(15), F.S., it is the department's position that the child protective investigation and your investigator's interviews with the allegedly abused or neglected child are confidential and therefore are not open to school officials and such officials have no right to attend or be present at such investigative interviews "where this material is gathered." Section 827.07, F.S., was brought into the statutes by Ch. 79-203, Laws of Florida, and except for amendments made by s 488 of Ch. 81-259, Laws of Florida, which are not material to and do not affect the issue at hand, the provisions thereof are substantially identical to those contained in present s 827.07, F.S. Neither the title to nor any provision of Ch. 79-203, supra, makes or refers to child protective investigations as privileged or confidential. The title to the act states, in pertinent parts, that the act "provid(es) for departmental child protective investigations, setting out the elements thereof, [and provides] for the confidentiality of reports and records; allowing limited access to certain individuals . . ." (e.s.) The "elements," or components or constituents, of child protective investigations referred to in the title of Ch. 79-203, Laws of Florida, are set forth in subsection (10)(b) of s 827.07, F.S., which requires the department to "perform an onsite child protective investigation" (e.s.) which primarily relates to the family and home environment of the child. The statute appears to contemplate that the department's "onsite" investigation is to be performed or conducted at the child's familial or parental or institutional place of residence or household. See, s 827.07(2)(e) and (10)(b)1.-4., F.S. The statute does not authorize or make any mention of child protective investigations to be conducted by the department at any other place or site, and does not authorize the department to make entry upon any premises or into any place whatsoever to perform such investigations without the consent of the owner or occupant of such premises.
Subsection (15) of s 827.07 provides for the "confidentiality of reports and records; [and] limited access" thereto as mentioned in the title of Ch. 79-203, supra, and exempts such reports and records from the inspection and examination requirements of the Public Records Law, s 119.07(1), F.S. Subsection (15) deals explicitly and exclusively with records concerning child abuse or neglect and access to such records by certain agencies and persons as enumerated in subsection (15)(b). It does not in terms apply to or relate to child protective investigations or to interviews with an allegedly abused or neglected child whether conducted at the child's parental or institutional place of residence or other places. In the absence of any statutory provision therefor or any manifest legislative intent to make such investigations and interviews privileged or confidential, this office cannot write anything into the statute to extend such a cloak of confidentiality to child protective investigation interviews. Therefore, I cannot say that such investigations and interviews are made confidential by law or that school officials are prohibited by law from attending interviews between child protective investigators and reportedly abused or neglected children under their supervision and charge when such interviews occur during the school day and on school premises. While s 827.07, F.S., contains no provision granting school officials a right to accompany a student to and attend an interview between child protective investigators and the student conducted on the school premises, it has been recognized that school officials have the responsibility and duty for the morals, health, safety and welfare of students while they are on the school grounds and that such officials may do everything deemed necessary to these ends when not in conflict or inconsistent with law or administrative rules. In addition, at least to a limited degree, school officials stand in loco parentis to students under their supervision and charge. See, Nelson v. State, 319 So.2d 154, 156 (2 D.C.A. Fla., 1975); 79 C.J.S. Schools and School Districts s 493. Thus, school officials appear at least to have color of authority to take a child under their charge from the classroom and accompany the child to and attend an investigative interview of the child conducted on the school premises during the school day. In the absence of a proper court order requiring the affected school officials to make a child/student available for such an investigative interview and barring attendance thereof by a duly designated school official or teacher, the department is not empowered by law to exclude such officials and I am unable to say that such school officials have no right to attend such investigative interviews if conducted on school premises during the school day.
In summary, s 827.07(15), F.S., which provides for the confidentiality of reports and records concerning child abuse or neglect and exempts the same from the inspection and examination requirements of the Public Records Law, s 119.07(1), F.S., deals explicitly and exclusively with such records and access thereto and does not apply to child protective investigation interviews or make such interviews confidential. No provision for onsite child protective investigations contained in s 827.07, F.S., and particularly subsection (10) thereof, prohibits school officials from accompanying a child/student to and attending child protective investigation interviews when conducted during the school day on school grounds, and in the absence of an appropriate court order requiring affected school officials to make a child available for such an investigative interview and barring the attendance at or presence of a duly designated school official or teacher therefrom, the Department of Health and Rehabilitative Services is not empowered by law to exclude such an official or teacher from a child protective investigation interview.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General