440 So.2d 500 (1983)
A.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-315.
District Court of Appeal of Florida, Second District.
November 9, 1983.
Jerry Hill, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
This case involves application of the reasonable suspicion standard to a search by a school official of a student at a public school. Appellant, a juvenile, appeals an order denying her motion to suppress marijuana found when a school official searched appellant's purse. We reverse.
A teacher at appellant's high school overheard part of a conversation in the school hallway. The statement heard was "[Appellant] has got something." The teacher related what he had overheard to another teacher, who apparently worked with appellant's grade level. The second teacher took appellant to the dean's office, looked in appellant's purse and found some marijuana.
A petition for adjudication of delinquency was filed charging appellant with possession of less than 20 grams of cannabis. Appellant filed a motion to suppress the seized contraband, alleging that the search of the purse was illegal. The motion was denied.
In Nelson v. State, 319 So.2d 154 (Fla. 2d DCA 1975), this court adopted the reasonable suspicion standard to be applied to searches and seizures by school officials at a public school. In State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983), the First District Court of Appeal outlined a number of factors which can be considered in determining whether a reasonable suspicion to *501 search exists under those circumstances. The First District listed the following factors:
(a) consideration of the child's age, history and record in school;
(b) the prevalence and seriousness of the problem in the school to which the search was directed;
(c) the exigencies in making a search without delay and further investigation;
(d) the probative value and reliability of the information used as a justification for the search; and
(e) the particular teacher or school official's experience with the student.
As noted in D.T.W., this list is merely a starting point in determining whether reasonable suspicion to search exists and is not a complete and exhaustive list of all possible considerations. We would add to the list: experience of the involved school officials with the type of problem to which the search was directed.
In the case before us, the record contains virtually no information bearing upon the foregoing factors. In particular, the reliability of the information used to justify the search cannot be determined. The identity of the participants in the overheard conversation was unknown, and there is no evidence as to the existence or prevalence of a drug problem at the school or as to the experience of either teacher in dealing with such a problem. There is little or no probative value to a statement that a student "has got something," heard out of context and with no background information. The "something" could be anything from a class assignment to a disease.
The only evidence offered to show that the teacher who heard the statement had a basis for a suspicion was his testimony that he had been a teacher for a long time, and "sometimes you hear certain things and you just know. I felt something was wrong." We find the record in this case insufficient to show that the school officials had a reasonable suspicion allowing them to search appellant's purse. Appellant's motion to suppress should have been granted.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
OTT, C.J., and RYDER, J., concur.