CAMPBELL, Judge.
In this case, appellant, a child, appeals from an adjudication of delinquency based on a nolo contendere plea to a charge of possession of cannabis. Appellant had filed a motion to suppress the evidence of the cannabis, arguing that the discovery of the cannabis resulted from an unlawful search. After the trial court denied the motion and the right to appeal the denial was reserved, the plea of no contest was entered. We reverse the order of the trial court and direct that the evidence of the cannabis be suppressed and appellant discharged.
The essential facts show that at approximately 11:00 a.m. on January 12, 1984, appellant and another student were observed heading behind the cafeteria at Riv-erdale High School in Lee County, Although the area was allegedly “off limits,” there was no sign posted as such. Appellant’s knowledge of this policy was demonstrated only by the assumption of the teacher who performed the search. According to the teacher who observed appellant, though there were no signs posted, it was “general knowledge” among students that this area was off limits.
The teacher testified that the two students exhibited “suspicious” behavior, that there seemed to be an “exchange” going, and that they were startled and jumped when he arrived. The “exchange” is not further described by the teacher. One of the students had an unlit regular cigarette in his hand. The teacher could not identify which student. Students are not permitted *1107 to smoke. The teacher did not smell the odor of marijuana.
The students were asked to follow the teacher to the Dean’s office. The teacher testified if students were found in the “off limits” area, his instructions were to “check their whereabouts and if it warrants a search, bring them in.” (Emphasis supplied.) Appellant was subjected to a pat-down search which revealed nothing. Had they refused to be searched, the sheriffs department would have been notified. The students were directed to place their possessions on a table. Appellant’s wallet was picked up off the table, opened and a marijuana cigarette was found.
Appellant argues that the search conducted by the school officials was not based upon the reasonable suspicion standard which is required to sustain a search of a student’s person or affects. Nelson v. State, 319 So.2d 154 (Fla. 2d DCA 1975); State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983); State v. F.W.E., 360 So.2d 148 (Fla. 1st DCA 1978); § 232.256, Fla.Stat. (1983). We agree. In fact, the teacher who stopped and searched appellant was never asked, nor did he testify, as to what his reasonable suspicion was concerning appellant. Appellant was not identified as the student who had the unlit regular cigarette. The teacher also testified that while smoking regular cigarettes was prohibited on school grounds, the possession of regular cigarettes is not pursued. In response to whether such possession is permitted in school, his response was, “Not actually. But we don’t press it if they’re hid. If they’re concealed in a purse or a pocket. And, you know, if they’re brought out in the open, they’re confiscated.” Thus, by his own standard, he had not observed either student do anything that should have caused him to do more than confiscate the exposed regular cigarette from whichever student possessed it. To go further, under these circumstances, when no reasonable suspicion was articulated, subjecting the students to a pat-down search and searching the wallet was not reasonable.
This is analogous to the holding of this court in A.B. v. State, 440 So.2d 500, 501 (Fla. 2d DCA 1983), in that the record contains virtually no information bearing on the standard, and factors to be considered in regard to the standard, as established in Nelson v. State and State v. D.T.W. Appellant’s motion to suppress should have been granted and appellant discharged.
Reversed and remanded for proceedings consistent herewith.
RYDER, C.J., and LEHAN, J., concur.