693 So.2d 1095 (1997)
A.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01249.
District Court of Appeal of Florida, Second District.
May 21, 1997.
James Marion Moorman, Public Defender, and Julius J. Aulisio, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
PER CURIAM.
The appellant, A.S., challenges the trial court's final order denying his motion to suppress evidence and statements. We find that the trial court erred in denying appellant's motion to suppress and, accordingly, reverse.
Appellant was a student at Suncoast Middle School at the time of the incident. On the morning in question, Assistant Principal Candace Nuzzolillo saw appellant and approximately three other boys huddled in a group. When she approached the group, she noticed that one of the boys had money in his hand and then noticed appellant "fiddling" in his pockets. Nuzzolillo asked the boys to accompany her to the principal's office. With the principal present, a search of the boys' belongings followed. A small zip-lock baggie containing a green substance was found in appellant's wallet. The substance was later positively identified by authorities as marijuana.
Appellant was charged with committing a delinquent act based on the offense of possession of less than twenty grams of marijuana in violation of section 893.13(6)(b), Florida Statutes (1995). The trial court denied appellant's motion to suppress evidence. Appellant entered a plea of nolo contendere specifically reserving the right to appeal the ruling on the dispositive motion to suppress. Appellant filed a timely notice of appeal.
The issue presented is whether the school officials' search of appellant's belongings was based on a reasonable suspicion. We conclude that it was not.
The standard for a search and seizure by a school official is one of reasonable suspicion. Nelson v. State, 319 So.2d 154 (Fla. 2d DCA 1975). The United States Supreme Court adopted a two prong test to determine whether a school official's action is grounded in reasonable suspicion. New Jersey v. T.L.O., 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). First, pursuant to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the action must be justified at its inception. Second, the search must be reasonably related in scope to the circumstances which justified the search in the first place. T.L.O., 469 U.S. at 341-42, 105 S.Ct. at 742-43; Terry, 392 U.S. at 20, 88 S.Ct. at 1879.
The facts in the instant case fail to meet either prong of the test. Assistant Principal Nuzzolillo testified that she saw a group of *1096 boys huddled together, one with money in his hand and appellant "fiddling" in his pocket. The presence of money in the hand of one boy and appellant "fiddling" in his pocket is not enough to amount to reasonable suspicion. Nuzzolillo could not say that she saw contraband of any type or any exchange occurring while she watched the boys. Thus, the search was not justified in its inception, failing to meet the first prong of the T.L.O. test. T.L.O., 469 U.S. at 341-42, 105 S.Ct. at 742-43. See also T.A. O'B. v. State, 459 So.2d 1106 (Fla. 2d DCA 1984)(holding that a teacher who testified that two students exhibited "suspicious" behavior and saw what seemed to be some type of "exchange," was not enough to establish reasonable suspicion); A.B. v. State, 440 So.2d 500 (Fla. 2d DCA 1983)(holding that a reasonable suspicion was not present when a search was based on a teacher hearing other students in the hallway commenting that one student "has got something").
The state argues that because appellant had a prior record, a reported "bad attitude," and because there was a growing drug problem at appellant's school, Nuzzolillo's belief that appellant was involved in a drug transaction was based on a reasonable suspicion. While the First District has held that factors such as these may be considered in determining whether a reasonable suspicion exists to warrant a search, the record in our case contains virtually no information regarding these factors. State v. D.T.W., 425 So.2d 1383 (Fla. 1st DCA 1983); see A.B., 440 So.2d at 501.
Furthermore, assuming the search was justified in its inception, the search fails to meet the second prong of the test. The scope of the search for contraband on the appellant must be reasonably related to the objectives of the search. T.L.O., 469 U.S. at 341, 105 S.Ct. at 742-43. At best, Nuzzolillo saw appellant "fiddling" with his pockets and this would not justify the search of appellant's backpack and wallet. But cf. T.J. v. State, 538 So.2d 1320, 1321 (Fla. 2d DCA 1989)("When student safety is an issue [as in a weapons search], the reasonableness of a search should weigh heavily in favor of the school official"). Consequently, the search fails to meet either prong of the T.L.O. test.
Based on the above reasons, the trial court erred in denying appellant's motion to suppress. Accordingly, we reverse.
Reversed and remanded for further proceedings consistent with this opinion.
SCHOONOVER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.