808 So.2d 1263 (2002)
M.S., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-1342.
District Court of Appeal of Florida, Fourth District.
March 6, 2002.
*1264 Carey Haughwout, Public Defender, and Louis G. Carres, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michael J. Neimand, Assistant Attorney General, and Angela Sharon Toro, Legal Intern, Fort Lauderdale, for appellee.
FARMER, J.
M.S. argues that the trial court erred in denying his motion to suppress contraband. We agree.
School officials spied M.S. and three other students outside the school building exiting the premises during school hours. They told the students to return to the campus, and the students did so. Once they were back inside the school grounds, M.S. was detained while using a pay phone. One of the other students eluded officials, however, running into the administration building and disappearing. The officials found marijuana in the administration building bathroom.
School officials conducted a search of M.S., saying that "the totality of the circumstances led us to believe that we would be derelict in our duties unless we did conduct a search based on our suspicion at that time of the other student." M.S. was found carrying two bags of marijuana. In other words, school officials justify the search of M.S. because the other boy may have gone into the boy's room and they discovered contraband there.
The Fourth Amendment's prohibition against unreasonable searches and seizures applies to searches performed by school officials. New Jersey v. T.L.O., 469 U.S. 325, 333, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985). In order for the search of a student to be justified at its inception, *1265 there must be reasonable suspicion, based upon the totality of the circumstances, that the student possesses something he should not have. Id.
Though school officials may have had a reasonable suspicion that the other student was "Smokin' in the Boys' Room,"[1] their suspicion as to the other boy could not be transferred to M.S. See T.A. O'B. v. State, 459 So.2d 1106 (Fla. 2d DCA 1984). There was no basis for any suspicion that M.S. possessed contraband.
REVERSED.
WARNER and KLEIN, JJ., concur.
NOTES
[1] As originally recorded by Brownsville Station.