## Abner v. Commonwealth.

February 11, 1949.

352

E. B. Rose for appellant.

A. E. Funk, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Ned Abner, Jr., shot and killed his cousin, Dude Abner, a sixteen year old boy, on October 2, 1946. He was indicted for murder at the December, 1946, term of the Owsley Circuit Court, and at his trial on September 5, 1947, was convicted of voluntary manslaughter and his punishment fixed at confinement in the penitentiary for a term of two years. It is first argued that the Circuit Court erred in refusing to instruct the jury peremptorily to acquit the appellant. This is upon the theory that all the evidence shows the shooting was accidental, but there is evidence tending to show that appellant fired the fatal shot intentionally or, if not intentionally, with such carelessness and disregard of human life as to render him guilty of manslaughter.

The deceased was employed by appellant's father at a logging camp. An old storeroom had been converted into living quarters, and was occupied by Mr. and Mrs. Ned Abner, Sr., Ned Abner, Jr., Green Adams, and the deceased. All of the occupants had eaten breakfast on October 2 when the shooting occurred, though it was very early and daylight was just beginning to appear. After breakfast appellant laid down on his bed and pulled the covers over him. Ned Abner, Sr., told appellant and deceased to feed the horses, and someone told the deceased to pull the covers off of appellant which he did. He then left the room. Appellant got up, picked up his 22 automatic rifle which was standing against the wall near the door, and as he passed through the door onto the porch the rifle was discharged. Immediately thereafter groans were heard, and Dude Abner was found lying unconscious about fifteen yards from the porch. A 22-caliber bullet had entered his head from the rear. Ap-

pellant testified that the deceased called him after leaving the room and asked him to come out and bring his rifle with him. He got up, picked up the rifle, and was in the act of pushing a shell into the chamber when the gun was accidentally discharged. Green Adams, who was sitting in the room, testified that he did not hear the deceased call appellant. There was evidence, though slight, of threats against the deceased by appellant before the killing. There was sufficient evidence to take the case to the jury.

The court instructed on murder, voluntary manslaughter, based on the theory that the crime was committed in sudden affray or sudden heat and passion, voluntary manslaughter, based on the theory that the accused was handling the gun in a grossly careless manner, involuntary manslaughter, based on the theory that the gun was carelessly, though unintentionally, discharged, and on accidental killing. It is appellant's contention that the only instructions authorized by the evidence were the instructions on murder and accidental killing. It is the duty of the court in a criminal case to instruct on every phase of the case covered by the indictment and authorized by the evidence. Duff v. Commonwealth, 297 Ky. 502, 180 S.W.2d 412 Pelfrey v. Commonwealth, 247 Ky. 484, 57 S.W.2d 474; Smiley v. Commonwealth, 235 Ky. 735, 32 S.W.2d 51. Here, the jury could have come to any of several conclusions. They could have deduced from the evidence that appellant fired the fatal shot maliciously with intent to kill; that the shooting was done in sudden heat or passion; that he shot in the direction of the deceased in reckless disregard of life so that the killing resulted from the wanton, reckless or grossly careless use of a deadly weapon; that without an intention to kill the rifle was discharged under circumstances which rendered the homicide involuntary manslaughter; or that the killing was accidental. In Howard v. Commonwealth, 260 Ky. 467, 86 S.W.2d 126, 127, we said:

"This court seems well committed to the principle that when the defense of accidental killing is relied upon, it is the duty of the court to give the accused the benefit of an instruction on involuntary manslaughter."

Appellant, however, cannot complain of the instruc-

tion on involuntary manslaughter since he was convicted of a higher degree of the crime.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.