Charles HELTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 15, 1954.

Earl R. Cooper, Salyersville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

WADDILL, Commissioner.

The appellant, Charles Helton, struck and killed Ina Gene Howard, with his motor vehicle. Upon trial, he was convicted of voluntary manslaughter and sentenced to two years in prison. On this appeal he urges that: (1) the court failed to instruct the jury upon the whole law of the case; (2) the court committed prejudicial error in permitting the jury to view the scene of the accident in the absence of the appellant and his counsel; and (3) the jury talked with each other and pointed out objects at the scene of the accident.

The accident occurred during the afternoon of October 11, 1953, while the appellant was driving a truck on the Lick Creek road in Magoffin County. The evidence introduced in behalf of the Commonwealth shows that the road at the place where Ina Gene was killed was straight and unobstructed for a distance of several hundred yards. Numerous witnesses testified. that the appellant was traveling at a high rate of speed and was operating the truck in a reckless manner. There was evidence that appellant was intoxicated. Several witnesses stated that the truck struck the child when it was being driven on the wrong side of the road.

The appellant denied that he was intoxicated or that he had been drinking and he is supported on this point by several witnesses. His version of the accident was that he had just passed an automobile which had caused dust from the road to arise and to partially obscure his view of the road; that immediately after passing the automobile, and while he was traveling on his right hand side of the road at a speed of about 35 miles an hour, he struck an object with the front of the truck, but did not realize it was a child until he had stopped his truck and returned to the scene of the accident.

In Kelly v. Commonwealth, Ky., 267 S.W. 2d 536, which was an automobile negligence homicide case, we held that there are now three degrees of manslaughter: (1) volun-

48

tary manslaughter, which carries a penalty of 2 to 21 years in the penitentiary; (2) involuntary manslaughter, which is punishable by confinement up to 12 months in the county jail or a fine up to $5,000, or both; and (3) the statutory offense set forth in KRS 435.025, which provides a penalty of confinement in the county jail up to a period of 12 months. And we reversed the judgment of conviction for voluntary manslaughter because the court had not instructed the jury on involuntary manslaughter under KRS 431.075, although an instruction was given under KRS 435.025. We said that there should be two instructions on involuntary manslaughter; one based upon the theory of gross negligence with the penalty prescribed in KRS 431.-075, and the other upon the theory of ordinary negligence, with the penalty directed in KRS 435.025. Also, see, Fairchild v. Commonwealth, Ky., 267 S.W.2d 528.

In submitting the instant case to the jury, the court gave an instruction on voluntary manslaughter and an instruction on involuntary manslaughter under KRS 431.075, but the jury was not instructed under KRS 435.025.

[1] In a criminal case it is the duty of the court to instruct the jury on the whole law of the case and this rule requires instructions applicable to every state of the case deducible or supported to any extent by the testimony. Stanley's Instructions to Juries, Section 760; Hendrickson v. Commonwealth, 235 Ky. 5, 29 S.W.2d 646; Smiley v. Commonwealth, 235 Ky. 735, 32 S.W. 2d 51.

Under the appellant's evidence we think he was entitled to have the jury instructed upon both degrees of involuntary manslaughter and the failure of the court to so instruct the jury constitutes prejudicial error.

The second and third grounds advanced by the appellant are without merit as they are not substantiated by the record.

Judgment reversed.