George CASEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 9, 1958.

Francis M. Burke, F. Dale Burke, Pikeville, for appellant.

Jo M. Ferguson, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STANLEY, Commissioner.

The appellant, George Casey, around eight or nine o'clock on November 19, 1955, Sunday evening, while driving an automobile through the hamlet or mining town called Sycamore Bottom, struck and killed Titus Deboard. Casey was convicted of voluntary manslaughter and sentenced to two years' imprisonment.

In brief summary the evidence for the Commonwealth is that Deboard was walking on a wide berm on the right side of the highway and the appellant's automobile left the paved road and ran on the berm, seventy feet with at least the right wheels, struck the man, carried his body eighty-seven feet until the car struck a large rock and threw the body thirty feet from there. Deboard's neck was broken, his skull was fractured, and his body otherwise bruised and cut.

The defendant, twenty-two years old, had been working in Michigan and was on a visit home in the community. His evidence is to the effect that he was driving only forty or forty-five mph on the right side of the road, and the deceased suddenly appeared and crossed in front of him; he swerved to the right onto the berm of the highway, applied his brakes and did all he could to avoid striking the man.

 The physical facts, such as objects and conditions of the place and the crushed body of the man, which were perceived by the sense of sight and described with fair accuracy, afford the reasonable conclusion that the appellant was driving at a very high rate of speed through a populated area. It appears that as he was entering a broad curve in the road he veered off the paving and struck the pedestrian at a place where the man had a right to be.

There is no merit in the appellant's contention that he was entitled to a directed verdict of acquittal.

The court instructed the jury on voluntary manslaughter in a form that is not questioned. The conviction was under that instruction, which is predicated upon reckless and wanton driving of the automobile. The instruction on involuntary manslaughter was erroneous in that it predicated conviction upon what is generally termed ordinary negligence. The penalty for that offense was properly stated to be confinement in jail for a period not to exceed twelve months or a fine not to exceed $5,000 or both. The given instruction follows an instruction approved in Jones v. Commonwealth, 213 Ky. 356, 281 S.W. 164, and published in the first edition of Stanley's Instructions to Juries. However, in Mayre v. Commonwealth, Ky., 240 S.W.2d 852, upon reconsideration, the court held that common law involuntary manslaughter should be based on gross negligence. Thereafter, in 1952, the Legislature enacted what is now KRS 435.025 defining an offense of negligent homicide by operation of a motor vehicle, which is supplementary to voluntary and involuntary manslaughter. Since that time the law in cases of this kind has classified such offenses into three categories, namely, (1) voluntary manslaughter, based on recklessness and wantonness; (2) involuntary manslaughter, based on gross negligence; and (3) the statutory offense of negligent homicide, based on ordinary negligence, and carrying the penalty of confinement in jail up to a period of twelve months. Kelly v. Commonwealth, Ky., 267 S.W.2d 536; Fairchild v. Commonwealth, Ky., 267 S.W.2d 528. See § 817, Instructions to Juries, 1957 edition.

The Attorney General concedes the error in the instruction on involuntary manslaughter and agrees that a proper instruction on the statutory offense of negligent homicide should have been given. However, it is submitted that the errors were not prejudicial, for if the jury had not believed the defendant guilty of voluntary manslaughter (as they did believe) the instructions permitted the jury to find the accused guilty of a lesser offense, namely, involuntary manslaughter, although they might have imposed an erroneous penalty.

Where the jury finds the defendant guilty under a correct instruction, ordinarily an erroneous instruction given on a lesser degree of the crime will be regarded as having been ignored and the error regarded as harmless, although the circumstances of a particular case may justify the conclusion that the error was prejudicial. Williams v. Commonwealth, 258 Ky. 830, 81 S.W. 891; Abner v. Commonwealth, 309 Ky. 351, 217 S.W.2d 806. We think this is such a case. A given instruction defined the terms "recklessly and wantonly" and "carelessly and negligently" as in the Jones case. Some of the jury may have believed the defendant did not recklessly and wantonly operate his automobile in a manner reasonably calculated to endanger the lives of persons on the road, yet believed he was negligent in a higher degree than mere carelessness. But there was no authority to find him guilty of the intermediate degree, namely, gross negligence. One of the rungs of the ladder was missing. So, as between the two alternatives, the jury found the defendant guilty of the higher degree. We are of opinion the omission and confusion in the instructions were prejudicial. Fairchild v. Commonwealth, Ky., 267 S.W.2d 528; Helton v. Commonwealth, Ky., 272 S.W.2d 47; Parker v. Commonwealth, Ky., 279 S.W.2d 1.

The judgment is reversed.