**Phillip CAVINS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Sept. 21, 1982.

Petition for Modification Denied Nov. 2, 1982.

Jack Emory Farley, Public Advocate, Mark A. Posnansky, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Robert V. Bullock, Asst. Atty. Gen., Frankfort, for appellee.

O'HARA, Justice.

This appeal comes to this Court as a matter of right upon the conviction of Phillip Cavins of first degree rape. The jury fixed his punishment at twenty years. We affirm that conviction.

The pertinent sordid facts leading up to the appellant's conviction are as follows: the prosecutrix was living in the home of her stepfather (appellant) on the date of the occurrence. She was thirteen years old at the time. Her mother was hospitalized with terminal cancer and, in fact, died the day following this incident. In the early morning hours of July 22, 1980, appellant came to the prosecutrix's bedroom and pleaded with her to have sex with him. Upon her denial, he forcibly removed her to his bedroom, disrobed her and sexually assaulted her. The next day the prosecutrix called her aunt in Columbus, Ohio, from the home of a neighbor and tearfully advised her of the assault. The aunt came to Johnson County seeking custody of the prosecu-

trix from the appellant, but was refused. A warrant was obtained from the Department of Human Resources and the prosecutrix has been living with her aunt since that date.

■ We are first urged to consider as error the trial judge's failure to disqualify himself because of his previous familiarity with this case in his capacity as county attorney. This argument has been stricken by order of this Court,[1] since this contention was not raised at trial and therefore is not part of the record of this case. Appellant attempts to direct this Court's consideration by including this in the appendix of his brief. Such practice will not be countenanced.

Secondly, we are asked to review a sequence of suggestions which appellant argues resulted in a denial of a fair trial. As a result of a motion *in limine,* the court advised the Commonwealth that prior sexual acts involving the prosecutrix's older sister must have occurred within 1½ years of the present incident to be admissible. In his opening statement, the Commonwealth's Attorney briefly suggested, in very general terms, that such evidence might be introduced and prefaced his remarks with phrases such as: "We will also attempt to introduce...."[2] The next contended suggestion came through the testimony of Anna Price who, when asked about the older sister of the prosecutrix, answered that she had previously left home and could explain the reasons herself. There are no objections by counsel to this line of questions. The record is unclear as to whether the older sister ever came into the courtroom proper, but it is clear that she did not take the stand as a witness. Her testimony was excluded by the trial judge as being too remote in time. The final innuendo urged in this elasticized argument was a portion of the cross-examination of the appellant wherein he said that at one time she (the older sister) lived with "them" and left. He denied that she got mad and left because

1. Order entered August 25, 1982.

2. The appellant's brief grossly distorts the quote in question by deliberately deleting these introductory words.

she had so much work to do. Again we emphasize the record shows no objection by counsel to such cross-examination.

The most direct "logical" answer to this contention of appellant is that there was no evidence stemming from this chain of verbiage which even remotely informed the jury of prior promiscuity. The most direct "legal" answer is that none of these assertions were preserved by objection on the record and therefore present no grounds for appellate review. This rule was clearly and cogently enunciated in *McDonald v. Commonwealth* (1977) 554 S.W.2d 84, wherein we held: "We are not at liberty to ignore the procedural prerequisites in preserving alleged errors for review by this court." *See also* RCr 9.22 and RCr 10.12.

Finally, appellant argues that the witness Penny Lyons should not have been permitted to testify and, in addition, she was permitted, when testifying, to relate hearsay testimony. The basis urged for not permitting the witness to testify is that her name was not included in the bill of particulars. The record reflects that the Commonwealth's Attorney stated he did not know her name until the evening before. It is abundantly clear that the trial judge was satisfied with the explanation, therefore this utilization of his sound discretion will not be disturbed. *Eaton v. Commonwealth,* 230 Ky. 250, 19 S.W.2d 218 (1929).

The testimony which is categorized as hearsay by appellant is not challenged by objection. Thus as set out above, there was no preservation. Nor was the testimony prejudicial since it was offered in corroborating testimony.

The opinion of the Johnson Circuit Court is affirmed.

All concur.