Ronnie HOWARD, Appellant,

v.

COMMONWEALTH of
Kentucky, Appellee.

No. 88–CA–1521–MR.

Court of Appeals of Kentucky.

Oct. 20, 1989.

Rehearing Denied Dec. 15, 1989.

Discretionary Review Denied
by Supreme Court
May 16, 1990.

David F. Broderick, Elizabeth Y. Downing, Cole, Broderick, Minton, Moore & Thornton, Bowling Green, for appellant.

Frederic J. Cowan, Attorney General, Frankfort, Morris Lowe, Sp. Asst. Atty. Gen., Bowling Green, for appellee.

Before CLAYTON, ELSWICK and MCDONALD, JJ.

ELSWICK, Judge:

During 1987 Hilltopper Billiards was under surveillance by law enforcement officers. Pursuant to 18 U.S.C. § 2516, the Federal Bureau of Investigation received authorization from a United States District Judge to electronically intercept oral communications from the premises. An electronic "bug" was placed under the desk of Drake Jenkins who managed the business and recordings were made of the oral communications in the office. Logs were kept of the conversations and a visual surveillance of the establishment was maintained by the Kentucky State Police.

On September 17, 1987, appellant was observed going into Hilltopper Billiards. As a result of a taped conversation between appellant and Drake Jenkins in which appellant offered to sell Jenkins a pound of marijuana, appellant was indicted by the Warren County Grand Jury. He was subsequently tried, convicted and sentenced to two-years confinement. For the reasons set forth below, we affirm.

■ Appellant argues the trial court erroneously admitted evidence of conversations illegally obtained by a wiretap. In *Basham v. Commonwealth*, Ky., 675 S.W.2d 376 (1984), the Supreme Court ruled evidence obtained in a wiretap operation conducted by federal law enforcement officers in accordance with federal law and pursuant to a federal court order is admissible in state court proceedings absent collusion between the state and federal authorities to circumvent the state statute prohibiting wiretaps. The trial court held a suppression hearing on this issue and found no evidence of collusion. We have reviewed the video tape of this hearing and find no error. Accordingly, we hold the tape recording of the conversation between appellant and Jenkins to have been properly admitted into evidence.

■ During the course of the trial the Commonwealth called Kentucky State Police Detective Eddie Railey to testify concerning the meaning of certain words used in the conversation between appellant and Jenkins on the theory they were using "drug language" not readily understood by the average juror. Appellant assigns as error the trial court's permitting the witness to identify the voice on the tape as the voice of the appellant. Appellant characterizes Railey as an expert witness. We disagree for we do not believe it requires an "expert" to identify a voice on a tape recording. Railey testified he had known appellant since 1979 or 1980 and was familiar with his voice. He further testified he had heard appellant's voice on at least one other tape recording. Railey testified he had heard the tape recording of the conversation between appellant and Jenkins and recognized his voice. Under Rule 901(b)(5) of the Federal Rules of Evidence this is clearly admissible. Even if it were error, which it was not, in view of the photograph of appellant entering Hilltopper Billiards shortly before the conversation took place, the testimony of other officers who observed appellant enter the premises and appellant identifying himself on the tape in response to questions by Jenkins after he knocked on the door to Jenkins' office but before he was admitted, it would be harmless error. In other words, there was ample evidence of appellant's identity even without Railey's testimony as to identity.

■ Insofar as the audibility of the tape is concerned, this is a matter within the sound discretion of the trial court. *Sanborn v. Commonwealth*, Ky., 754 S.W.2d 534 (1988). We find nothing wrong with the Commonwealth presenting evidence interpreting drug language as it assisted the jury in understanding the taped conversations. *State v. Nightwine*, 137 Ariz. 499, 671 P.2d 1289 (App.1983).

■ Appellant assigns as error the failure of the Commonwealth to produce the marijuana allegedly possessed by the appellant for purposes of sale. In this case no marijuana was seized by the Commonwealth. Appellant was observed entering

Hilltopper Billiards carrying a paper bag of sufficient size to contain a pound of marijuana. He was taped offering to sell Drake Jenkins a pound of marijuana for sixteen hundred dollars. Jenkins declined to buy because of the price asking appellant if he had any cheaper. Appellant replied that he did, but that he would have to deliver it later that evening because he didn't have the cheaper grade with him. The police did not arrest appellant at this time because of the ongoing investigation which they did not wish to jeopardize by making an arrest. As a result thereof, no marijuana was seized.

KRS 218A.010(19) defines "traffic" to mean, *inter alia*, possession of a controlled substance with intent to sell. Appellant argues *Jacobs v. Commonwealth*, Ky., 551 S.W.2d 223 (1977), requires production of some amount of the controlled substance. We do not agree with this interpretation of *Jacobs.*

In *Jacobs* appellant was arguing the quantity of phenmetrazine seized was insufficient to sustain a conviction for violation of possession of a Schedule II nonnarcotic controlled substance under KRS 218A.070(3)(c). The Supreme Court ruled that evidence of possession of any amount of the controlled substance was sufficient to withstand a motion for a directed verdict of acquittal. We do not, therefore, read *Jacobs* to require the Commonwealth to produce an actual physical sample of the controlled substance as that was not the issue addressed to the Court.

We are also cited to *Green v. Commonwealth*, Ky.App., 684 S.W.2d 13 (1985), and *Smith v. Commonwealth*, Ky., 722 S.W.2d 892 (1987). *Green* involved the unnecessary destruction of a total drug sample. This court ruled the test results would be inadmissible "... unless the defendant is provided a reasonable opportunity to participate in the testing, or is provided with the notes and other information incidental to the testing, sufficient to enable him to obtain his own expert evaluation." As the Commonwealth is not seeking admission of any test results for the reason it doesn't have any, we deem *Green* to be distinguishable on the facts. *Smith* is a rape and murder case in which the Supreme Court cites the opinion of this court in *Green.* The Supreme Court held on the facts in *Smith* that the results of the laboratory testing were available and the absence of the actual items and samples tested did not prejudice Smith. We are unable to see how *Smith* is applicable to the factual situation before us.

■ Appellant argues it was error to permit testimony by the Commonwealth that he sold a pound of marijuana to an undercover policeman in Hart County approximately four months after the offense for which he was indicted in Warren County. At the time of his trial in Warren County no charges had been filed in Hart County. Evidence of another offense is inadmissible unless it comes within certain well defined exceptions.

One of the exceptions is evidence of a plan, scheme or system. "[T]he evidence must show acts, circumstances or crimes similar to, clearly connected with, and not too remote from the one charged...." *O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153 (1982). Applying this rule to the facts before us we believe this evidence to be admissible. Appellant was on trial for trafficking in marijuana. Proof of another sale four months later is evidence of a "crime similar to, clearly connected with, and not too remote from the one charged." It is, therefore, evidence of a plan, scheme or system and could be considered by the jury in determining appellant's guilt or innocence of the crime with which he was charged.

■ Appellant argues that upon the whole case the evidence is insufficient to convict him. This is clearly a circumstantial evidence case in which not only the quantity, but the actual identity of the controlled substance, must be proved by circumstantial evidence.

The Commonwealth correctly states the standard in its brief. In *Ford v. Commonwealth*, Ky., 665 S.W.2d 304 (1984), the Supreme Court stated:

"Worded simply, the standard to which circumstantial evidence must conform is that it be of such nature that based upon the whole case it would not be clearly unreasonable for the jury to find the

defendant guilty beyond a reasonable doubt."

Was it clearly unreasonable for the jury to find appellant guilty beyond a reasonable doubt?

Appellant was photographed going into Hilltopper Billiards carrying a paper bag in his hand of a sufficient size to hold a pound of marijuana. A tape recording was made by federal agents of a conversation between appellant and Drake Jenkins. In the course of the conversation appellant clearly identified himself. When he knocked on the door Jenkins asked, "Who is it?" Appellant answered, "Ron." He was then asked, "Ron who?" He replied, "Ron Howard." There is no question as to the identity of the person talking to Drake Jenkins.

The tape reveals Jenkins asking appellant, "What's the price on this?" Appellant answers, "Sixteen." Jenkins then asks, "You ain't got none no cheaper, have you?" Appellant replies, "Yeah, I got some chickweed, but its got seeds in it." The tape also discloses arrangements being made to deliver the cheaper grade of marijuana later that evening. The Commonwealth's case rests, however, on the offer to sell the marijuana carried into Hilltopper Billiards by appellant. Possession of a controlled substance with intent to sell is a violation of the trafficking statute. Detective Railey explained the meaning of certain terms used in the conversation to the jury. Another witness testified appellant sold him a pound of marijuana in Hart County approximately four months later. When arrested on the Warren County indictment, appellant claimed he had never been in Hilltopper Billiards and didn't know Drake Jenkins. Upon the totality of the circumstances, we do not believe it to be clearly unreasonable for the jury to have found the defendant guilty.

Although it would certainly have been desirable for the Commonwealth to have produced a sample of the marijuana it contends appellant possessed with the intent to sell, we do not believe it to have been essential because proof of the nature of the substance can be had by circumstantial evidence. In the case before us appellant offered to sell the substance he had with him as marijuana. It is, therefore, evident he thought it was marijuana. Drake Jenkins had an opportunity to examine it and evidently concluded it was marijuana because the tape reveals his objection to the sale was price, not that it was not marijuana. Although we are unable to find any Kentucky cases directly on point, other jurisdictions have sustained convictions for possession, selling or otherwise unlawfully dealing in marijuana based solely upon circumstantial evidence. *See* Annot., 75 A.L. R.3d 717 (1977).

Appellant finally argues the jury was coerced into returning a verdict during the penalty phase of the trial. We have reviewed the video tape on this point and deem this assignment of error to be without merit.

For the foregoing reasons, the judgment of the Warren Circuit Court is affirmed.

All concur.