977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert Lee SMITH, Petitioner-Appellant,
v.
Al C. PARKE, Warden, Respondent-Appellee.
 No. 92-5355.
 United States Court of Appeals, Sixth Circuit.
 Sept. 25, 1992.
 
 1
 Before BOGGS and SUHRHEINRICH, Circuit Judges, and GILMORE, District Judge.*
 
 ORDER
 
 2
 Hubert Lee Smith, a pro se Kentucky prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In August 1985, a jury convicted Smith of murder and rape for which he received a sentence of life plus 20 years. His conviction was affirmed by the Kentucky Supreme Court. Smith v. Commonwealth, 722 S.W.2d 892 (Ky.1987). Smith then filed a Ky.R.Crim.P. 11.42 motion challenging his convictions. The trial court denied the motion and the Kentucky Court of Appeals affirmed. The Kentucky Supreme Court denied discretionary review.
 
 
 4
 Smith then filed his petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that: 1) his trial counsel was ineffective; 2) his Fifth Amendment right against self incrimination was violated; 3) the trial court's evidentiary ruling denied him due process; and 4) the trial court erred in overruling his Rule 11.42 motion without a hearing. The district court adopted a magistrate judge's report and recommendation and dismissed the petition over Smith's objections. Smith filed this timely appeal raising the same issues that he presented to the district court. He requests leave to proceed in forma pauperis, oral argument, the appointment of counsel, and a free transcript.
 
 
 5
 Upon review, we conclude that Smith received a fundamentally fair trial. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). Smith's attorney rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Thomas v. Foltz, 818 F.2d 476, 480 (6th Cir.), cert. denied, 484 U.S. 870 (1987). The prosecution did not violate its plea agreement with Smith by prosecuting Smith for the rape and murder of Nancy Allen. See Santobello v. New York, 404 U.S. 257, 261-63 (1971); United States v. Mandell, 905 F.2d 970, 973 (6th Cir.1990).
 
 
 6
 Smith's chain of custody issue is not reviewable due to his procedural default in the Kentucky state courts, see Teague v. Lane, 489 U.S. 288, 297-99 (1989); Riggins v. McMackin, 935 F.2d 790, 793 (6th Cir.1991). In addition, Smith has not presented any objective factor that establishes his inability to comply with Kentucky law to excuse his default. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Finally, Smith was not entitled to a hearing on his Rule 11.42 motion because there was no genuine issue of material fact. See Freeman v. Commonwealth, 697 S.W.2d 133, 134 (Ky.1985).
 
 
 7
 Accordingly, we grant Smith leave to appeal in forma pauperis for the purposes of this appeal only, deny his other requests for relief, and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior District Judge for the Eastern District of Michigan, sitting by designation