38 F.3d 1217
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Kelly WATTS, Sr., Petitioner-Appellant,
v.
Walt CHAPLEAU, Warden, Kentucky State Reformatory,
Respondent-Appellee.
 No. 94-5457.
 United States Court of Appeals, Sixth Circuit.
 Oct. 12, 1994.
 
 Before: LIVELY, JONES and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Kentucky state prisoner appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Kelly Watts was tried by a jury and convicted of two counts of murder and two counts of wanton endangerment. He was sentenced to life imprisonment on the first murder count, twenty years on the second murder count, and five years for each count of wanton endangerment. His conviction was affirmed on direct appeal to the Kentucky Supreme Court. Watts then collaterally attacked his conviction through a Ky.RCr. 11.42 motion to vacate sentence. The trial court held an evidentiary hearing and denied petitioner's motion to vacate. The Kentucky Court of Appeals affirmed the trial court's ruling.
 
 
 3
 In his petition for habeas relief, Watts claimed that: 1) he was denied due process of law by the trial court's failure to instruct the jury on the lesser included offenses of manslaughter and reckless homicide; 2) the trial court erred by not instructing the jury on the definition of extreme emotional disturbance; 3) he was denied due process of law and a fair trial when the trial court allowed evidence to be introduced concerning charges against him which were not relevant to the criminal action; and 4) he was denied effective assistance of counsel.
 
 
 4
 The case was submitted to a magistrate judge who recommended that the petition for habeas relief be denied. The district court adopted the magistrate judge's report and recommendation over petitioner's objections. In his timely appeal, Watts reasserts the claims made in his habeas petition.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the habeas petition because Watts failed to show that he received a fundamentally unfair trial resulting in unjust confinement. Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The court considers issues on habeas corpus review de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994).
 
 
 6
 The district court properly held that review of petitioner's first two claims is precluded due to his procedural default. Watts claimed that the trial court denied him due process of law by failing to instruct the jury on the lesser included offenses of manslaughter and reckless homicide. Watts also argued that the trial court denied him due process of law by failing to define "extreme emotional disturbance" in the instructions to the jury. Watts did not raise objections to the instructions at trial as required by Kentucky's contemporaneous objection rule. Kentucky law requires that a contemporaneous objection be made at trial to preserve alleged errors for appeal. Ky.RCr. 9.22; Smith v. Commonwealth, 722 S.W.2d 892, 894 (Ky.1987). Failure to abide by a state's contemporaneous objection rule will bar habeas review of the issue absent a showing of cause for the failure to object and actual prejudice flowing from the asserted error. See Wainwright v. Sykes, 433 U.S. 72, 87 (1977); McBee v. Grant, 763 F.2d 811, 813 (6th Cir.1985). Watts showed neither cause for his failure to object, nor prejudice directly resulting from the alleged error.
 
 
 7
 Petitioner's third claim is meritless. He argued that he was denied due process of law and a fair trial when the trial court allowed into evidence charges against him which were not relevant to the charges of murder and wanton endangerment. Watts argued that his constitutional rights were violated when the court allowed witnesses to testify that he threatened to kill persons he suspected of stealing from his marijuana crop. An issue concerning the admissibility of evidence does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). In this case, there was no error in state law. The Kentucky Supreme Court unanimously held that the evidence was properly admitted to show motive with respect to the charges of wanton endangerment. One portion of the evidence to which Watts objects was testimony that he told Ricky Sumner's brother, "I'm going to kill that Ricky." The testimony did not impugn the fundamental fairness of the trial because the testimony did not go to the issue of guilt with respect to the killing of George and Geraldine Sumner. See id. at 287. Moreover, the testimony did not impugn the fundamental fairness of the trial because it tended to show that Ricky Sumner's account of being shot at by Watts was true because of petitioner's long-held belief that Ricky Sumner had been stealing his marijuana.
 
 
 8
 The district court properly concluded that defense counsel did not render ineffective assistance of counsel. Watts asserts four specific instances of attorney ineffectiveness. In order to establish ineffective assistance of counsel, Watts must show that his attorney's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Petitioner's first two allegations of his attorney's deficient performance involve purported conflicts of interest. In a conflict of interest context, the Strickland test is modified to require a showing of specific instances to suggest an actual and significant conflict or impairment of interests. Id. at 692. Prejudice will be presumed if counsel actively represented the conflicting interests which somehow adversely affected the attorney's performance. Id. Our independent review of the record reveals that no conflict of interest ever existed between Watts and his attorney.
 
 
 10
 Petitioner's remaining two allegations of his attorney's deficient performance involve trial strategy choices. A reviewing court's scrutiny of counsel's performance is highly deferential. Id. at 689. This is particularly true where the significant decision in question is the result of an intelligent strategic choice; strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. See id. at 690; accord United States v. Morrow, 977 F.2d 222, 229-30 (6th Cir.1992) (en banc), cert. denied, 113 S.Ct. 2969 (1993). These final allegations of error are likewise unpersuasive under the circumstances of this case.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.