RENDERED: MARCH 1, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0285-MR

WESLEY G. ALDRIDGE                    APPELLANT

v.
               APPEAL FROM LYON CIRCUIT COURT
HONORABLE C. A. WOODALL, III, JUDGE
ACTION NO. 19-CR-00089

COMMONWEALTH OF KENTUCKY            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, GOODWINE, AND LAMBERT, JUDGES.

ACREE, JUDGE: Following a jury trial, Appellant, Wesley G. Aldridge, was convicted of trafficking in a controlled substance in the first degree. He makes two arguments for reversal of his conviction – that the circuit court erred by: (1) declining to strike a juror for cause; and (2) by admitting evidence of his participation in previous controlled drug transactions. Finding no error, we affirm.

# BACKGROUND

Morgan Crayne, a confidential informant, contacted Detective Mike Lantrip on December 21, 2018. Crayne informed Det. Lantrip that Appellant told him he had methamphetamine for sale. Earlier that month, Appellant had been party to three controlled drug buys. However, the parties dispute the nature of Appellant's participation in these transactions; Appellant asserts Crayne would take him to a drug dealer's house and supply him with money so that he could purchase methamphetamine, while the Commonwealth asserts Appellant sold methamphetamine to Crayne.

Lantrip arranged for Crayne to ask Appellant whether he would be willing to sell methamphetamine to Crayne's friend in Eddyville. Unbeknownst to Appellant, the friend was fictitious. Appellant agreed, and Crayne picked up Appellant in Paducah to drive him to Eddyville. Crayne testified that when he picked Appellant up, he witnessed Appellant weigh the drugs he intended to sell.

Crayne drove Appellant to Eddyville, where Lantrip waited in his marked police vehicle. Crayne pulled up next to Lantrip's vehicle, and Lantrip and another police officer removed Appellant from Crayne's vehicle. Because Appellant had multiple outstanding warrants for his arrest, Lantrip arrested Appellant and performed a search incident to the arrest. Lantrip discovered over two grams of methamphetamine in Appellant's pockets.

Appellant was charged with trafficking in a controlled substance in the first degree. The Commonwealth notified the court prior to trial of its intent to introduce evidence of the three previous controlled buys. Appellant objected via a motion *in limine*, which the trial court denied.

Appellant's case proceeded to trial. During voir dire, the prosecutor asked whether any of the jurors knew any of the Commonwealth's witnesses, and specifically asked them whether they knew Lantrip. One of the jurors, RG, responded that he did indeed know Lantrip, and also knew another officer involved in the case. RG was a probation and parole officer with the Department of Corrections and, therefore, had previously worked with Lantrip. RG stated he did not believe that having worked with Lantrip or the other officer would affect his ability to be an impartial juror.

Appellant's trial counsel moved to strike RG for cause. The trial court denied the motion on the basis that RG was not law enforcement and was not involved in Appellant's case. Appellant used a peremptory strike to remove the juror. Appellant's strike sheet indicates he would have removed a different juror – JH – had he not been required to exercise a peremptory strike to remove RG.

At trial, evidence of the prior controlled buy was introduced, and Appellant again stated his objection. The Commonwealth said the prior controlled buys demonstrated Appellant intended to sell methamphetamine on the day of his

arrest.  The trial court allowed introduction of the prior controlled buys but admonished the jury that the evidence was "admitted for the limited purpose for [the jury] to consider them, if at all, in determining whether [Appellant] had the intent to sell . . . the methamphetamine that was seized from him here in Lyon County."

The jury convicted Appellant, and he was sentenced to seven years' imprisonment.  He now appeals.

## ANALYSIS

### I. Appellant's Motion to Strike RG for Cause.

Appellant first challenges the trial court's decision to not strike juror RG for cause.  Appellant argues this decision deprived him of his due process right to a fair trial.  Section 11 of the Kentucky Constitution and the Sixth and Fourteenth Amendments to the United States Constitution provide a criminal defendant the right to an impartial jury.  *Fugett v. Commonwealth*, 250 S.W.3d 604, 612 (Ky. 2008) (citing *Fugate v. Commonwealth*, 993 S.W.2d 931, 939 (Ky. 1999)).  Per our Rules of Criminal Procedure, "[w]hen there is reasonable ground to believe that a prospective juror cannot render a fair and impartial verdict on the evidence, that juror shall be excused as not qualified."  RCr[1] 9.36(1).

---

[1] Kentucky Rules of Criminal Procedure.

"A determination whether to excuse a juror for cause lies within the sound discretion of the trial court and is reviewed only for a clear abuse of discretion." *Soto v. Commonwealth*, 139 S.W.3d 827, 848 (Ky. 2004) (citing *Foley v. Commonwealth*, 953 S.W.2d 924, 931 (Ky. 1997)). A trial court abuses its discretion when its decision "was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999) (citations omitted). "[I]f a court abuses its discretion in denying a challenge for cause and the party had to use a peremptory challenge to strike the juror and, in fact, used all his peremptory challenges, it is reversible error." *Fugett*, 250 S.W.3d at 613 (citing *Stopher v. Commonwealth*, 57 S.W.3d 787, 796 (Ky. 2001)).

The test for whether a court should strike a juror for cause "is whether, after having heard all of the evidence, the prospective juror can conform his views to the requirements of the law and render a fair and impartial verdict." *Mabe v. Commonwealth*, 884 S.W.2d 668, 671 (Ky. 1994). No one question will reveal whether a juror ought to be excluded for cause, and the decision, instead, should be based on the totality of the circumstances. *Fugett*, 250 S.W.3d 613 (citations omitted). Stated differently, "[t]he court must weigh the probability of bias or prejudice based on the entirety of the juror's responses and demeanor." *Shane v. Commonwealth*, 243 S.W.3d 336, 338 (Ky. 2007).

While "the existence of a 'close relationship' [is] sufficient to require the court to sustain a challenge for cause and excuse the juror[,]" *Marsch v. Commonwealth*, 743 S.W.2d 830, 833 (Ky. 1987), RG did not have a close relationship with any witness in the instant case. A juror's close "familial, financial or situational" relationship "with any of the parties, counsel, victims or witnesses" creates a presumption of prejudice. *Ward v. Commonwealth*, 695 S.W.2d 404, 407 (Ky. 1985) (quoting *Commonwealth v. Stamm*, 429 A.2d 4, 7 (Pa. Super. 1981)). Should a close relationship be established, the court should excuse the juror for cause. *Id.*

It cannot be reasonably said that RG having intersected with Lantrip during RG's work as a probation and parole officer creates a close relationship between the two which would have created a presumption of bias.

In *Clay v. Commonwealth*, the appellant argued the circuit court erred when it declined to excuse a juror for cause. 291 S.W.3d 210, 215 (Ky. 2008). The juror formerly worked as a secretary in the Fayette Commonwealth's Attorney's Office under a previous Commonwealth's Attorney, served as a witness in a case which the then-current Commonwealth's Attorney prosecuted, and remained friends with a member of the Commonwealth's Attorney's Office's administrative staff. *Id.* at 215-16. Ultimately, these connections were "far too tenuous" to constitute a close relationship sufficient "to presume bias or

prejudice." *Id*. at 216 (citing *Montgomery v. Commonwealth*, 819 S.W.2d 713 (Ky. 1991); *Marsch*, 743 S.W.2d at 833). Because no close relationship existed and the juror testified she could be fair, the circuit court did not abuse its discretion by not striking the juror for cause. *Id*.

In *Maxie v. Commonwealth*, a juror knew the police sergeant who helped coordinate a controlled drug buy between the appellant and an informant. 82 S.W.3d 860, 862 (Ky. 2002). The juror's children and the sergeant's children were friends. *Id*. The juror assured the court she would be able to fairly evaluate the case, and the circuit judge declined to remove her for cause. *Id*. The Supreme Court determined the circuit court did not abuse its discretion by not removing the juror. *Id*. at 862-63.

RG's relationship with Lantrip is about as tenuous as the relationships presented in *Clay* and *Maxie*. RG and Lantrip do not share an employer. RG also indicated he could be an impartial juror. Though RG's employment as a probation and parole officer previously led him to interact with Lantrip, it was not an abuse of the circuit judge's discretion to decline to strike RG for cause in the absence of a more familiar relationship.

II. Evidence of Prior Controlled Buys.

Kentucky's Rules of Evidence generally prohibit admission of evidence of a person's "other crimes, wrongs, or acts" for the purpose of proving

"the character of a person in order to show action in conformity therewith." KRE[2] 404(b). There are several exceptions to this general prohibition. Such evidence may be admissible "[i]f offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" KRE 404(b)(1). The evidence here was offered to prove intent. "Rulings upon admissibility of evidence are within the discretion of the trial judge; such ruling should not be reversed on appeal in the absence of a clear abuse of discretion." *Simpson v. Commonwealth*, 889 S.W.2d 781, 783 (Ky. 1994).

Additionally, even if evidence is offered for one of the permissible purposes listed under KRE 404(b)(1), the evidence may still be excluded if potential prejudice from its use substantially outweighs its probative value. KRE 403; *Bell v. Commonwealth*, 875 S.W.2d 882, 890 (Ky. 1994). A trial judge has a "substantial amount of discretion" in balancing probative value against prejudice pursuant to KRE 403. *Doneghy v. Commonwealth*, 410 S.W.3d 95, 109 (Ky. 2013) (citing *Brock v. Commonwealth,* 947 S.W.2d 24, 29 (Ky. 1997)).

"Kentucky, like many other jurisdictions, has consistently followed the general rule that evidence of other criminal acts of the accused is inadmissible unless it comes within certain well-defined exceptions which must be strictly construed." *Pendleton v. Commonwealth*, 685 S.W.2d 549, 552 (Ky. 1985) (citing

---

[2] Kentucky Rules of Evidence.

*Jones v. Commonwealth*, 198 S.W.2d 969 (Ky. 1947)).  Our jurisprudence supplies ample analogous cases to illustrate this principle.

In *Hayes v. Commonwealth*, a criminal defendant's prior drug trafficking conviction was inadmissible as character evidence, but was admissible to demonstrate motive, intent, and a plan to manufacture methamphetamine.  175 S.W.3d 574, 588-89 (Ky. 2005).  In *Walker v. Commonwealth*, evidence of a prior controlled cocaine sale involving the defendant was admissible to demonstrate defendant's intent to traffic in a controlled substance.  52 S.W.3d 533, 536-37 (Ky. 2001).  And, in *Howard v. Commonwealth*, evidence that a defendant sold marijuana to an undercover officer after the defendant's indictment for marijuana trafficking was admissible to demonstrate a common scheme or plan.  787 S.W.2d 264, 266 (Ky. App. 1989).

In the current case, the circuit court did not abuse its discretion by allowing the jury to hear evidence regarding the prior drug buys.  As our cases demonstrate, a defendant's previous drug sales are admissible to show that he intended to do so again.  In other words, "'the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses.'"  *Walker*, 52 S.W.3d at 537 (quoting *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978)).  "[B]ecause the defendant had unlawful intent in the extrinsic offense, it is less

likely that he had lawful intent in the present offense." *Id.* (quoting *Beechum*, 582 F.2d at 911). Because Appellant's three prior controlled drug transactions are relevant to demonstrate his intent to do so again, the circuit court did not abuse its discretion by allowing such evidence. Nor did the circuit court err in its application of the KRE 403 balancing test, as the probative value of the previous transactions – *i.e.*, Appellant's intent to sell methamphetamine – was not "substantially outweighed" by any undue prejudice.

## CONCLUSION

Based on the foregoing, the judgment of the Lyon Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky