**UNITED STATES of America**

**v.**

**John MOORE.**

**Crim. No. 69-137.**

United States District Court, E. D. Pennsylvania.

June 22, 1970.

Victor Wright, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Melvin M. Dildine, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

WEINER, District Judge.

Tried by a jury, defendant was convicted on six counts of unlawfully trans-

ferring marihuana in violation of 26 U.S.C. § 4742(a) and of unlawfully acquiring marihuana in violation of 26 U.S.C. § 4744(a) (1). These statutes read, in pertinent part, as follows:

"§ 4742. Order forms

(a) General requirement.—It shall be unlawful for any person, whether or not required to pay a special tax and register under sections 4751 to 4753, inclusive, to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate.

§ 4744. Unlawful possession

(a) Persons in general.—It shall be unlawful for any person who is a transferee required to pay the transfer tax imposed by section 4741 (a)—

(1) to acquire or otherwise obtain any marihuana without having paid such tax, or
* * *"

We have for our consideration defendant's motions for judgment of acquittal and for a new trial pursuant to Rules 29 (c) and 33, Fed.R.Crim.P. In support of these motions, defendant raises two arguments:

(a) That the government's proof did not establish the identity of the substance transferred;

(b) That the government failed to adequately explain its inability to produce its informant.

## IDENTITY OF THE SUBSTANCE TRANSFERRED

The thrust of defendant's argument is that the government failed to meet its burden of introducing sufficient evidence so that a jury could find beyond a reasonable doubt that the substance transferred was Cannabis sativa L. Defendant asserts that the government only introduced evidence that the substance was marihuana; but, it failed to dis-

tinguish between the different varieties of marihuana. The statutory definition of marihuana appears as follows in 26 U.S.C. § 4761(2):

"Marihuana.—The term 'marihuana' means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination."

At defendant's trial, the government's chemist testified that the substance in question was marihuana. However, he further stated that he was unable to distinguish between the Cannabis sativa L. variety of marihuana and the Cannabis indica variety of marihuana either by sight or by chemical analysis of samples. Defendant urges that the substance tested by the chemist *might* have been the indica variety. He concludes that this variety is not included within the statutory definition of marihuana as it relates to the statutes under which defendant was tried and therefore, he avers, defendant is entitled to a judgment of acquittal.

■ Having carefully examined the pertinent statutes and their legislative history, we find that Congress intended the inclusion of the indica variety within the definition of marihuana as set forth in 26 U.S.C. § 4761(2). The problem of what varieties are included within a statutory definition of marihuana as Cannabis sativa L. has been raised in several state courts. In commenting on one such statute, the Supreme Court of New Mexico stated:

"We conclude as a matter of law that marihuana is identical with cannabis, cannabis sativa L., and cannabis indica. Marihuana and cannabis indica are merely geographical oriented names of cannabis, whereas cannabis sativa L. is the botanical name of cannabis."

State v. Romero, 74 N.M. 642, 645, 397 P.2d 26, 29 (1964). An examination of the legislative history of the Federal marihuana statutes reveals that Congress intended to include all varieties of marihuana or Cannabis within the statutory definition. See, "Taxation of Marihuana", Hearings before the Committee on Ways and Means, House of Representatives, 75th Congress, 1st Session (H.R. 6385) p. 6. In testifying as to the nature of marihuana, the Commissioner of Narcotics told the House Committee at p. 19:

"As I say, marihuana is the same as Indian hemp, and is sometimes found as a residual weed, and sometimes as the result of a dissemination of birdseed. It is known as cannabin, cannabis Americana or cannabis Sativa. Marihuana is the Mexican term for cannabis Indica. We seem to have adopted the Mexican terminology, and we call it marihuana, which means good feeling."

Similarly, scientific authorities classify Cannabis indica as a geographical variety of the Cannabis sativa L. See, The Dispensatory of the United States, 22d ed., (Lippincott, 1940) p. 275; Farnsworth, "The Pharmacognosy and Chemistry of 'Cannabis sativa,'" Journal of American Pharmacy Association, 8:- 408–414; 440, August 1969.

■ We have found ample support for the proposition that Cannabis indica is to be included in a definition of marihuana as Cannabis sativa L. This was made clear by the government's chemist who testified as follows in response to the question of whether

indicia was included in his definition of marihuana as Cannabis sativa L.:

"As such, no. However they have said that the only difference between the indicia, the American Cannabis, and so forth, are the regions where they are grown. There has been evidence that all of them originated from the Cannabis sativa L." N.T. 75

We shall deny defendant's motions based on the evidence produced by the government and the testimony of its chemist which adequately identified the substance in question as marihuana as defined in 26 U.S.C. § 4761(2).

Defendant has also urged that Cannabis indicia is exclusively regulated by 21 U.S.C. § 209 which appears in a chapter of the Food and Drug Title of the U.S. Code. Chapter 7 of this title is entitled "Practice of Pharmacy and Sale of Poisons in Consular Districts in China." Upon examination of 21 U.S.C. § 209, we find that its regulation of Cannabis indicia was intended to deal solely with the regulation of this commodity *within China*. As such, it would not relate to the regulation of this variety of Cannabis within the territorial United States.

### GOVERNMENT'S FAILURE TO EXPLAIN INABILITY TO PRODUCE INFORMANT

Defendant urges that the government committed prejudicial error when it failed to produce at trial its informer, Frederich Maxwell, who was an eyewitness to the transactions in question. In United States v. Clarke, 220 F.Supp. 905 (E.D.Pa.1963), Judge C. Williams Kraft found that the government has a duty to produce its informer at trial. In that case, the defendant was granted a new trial after a jury had found him guilty of conspiracy and selling narcotic drugs without the written orders required by statute. Judge Kraft explained, at p. 909:

"The missing [informer] was, in our view, a key figure in this prosecution, and it was the Government's

duty to expend every reasonable effort to produce him at trial. His absence, without satisfactory explanation, makes necessary the grant of a new trial".

In a more recent case, it was held that "the government's duty is merely one of 'reasonable effort' to produce." Velarde-Villarreal v. United States, 354 F.2d 9, 12 (9th Cir. 1965).

Having examined the testimony of the government's agents assigned to this case, we find that the government did make a reasonable effort to produce their informer at trial. The agents testified that they repeatedly visited the informer's neighborhood; that they interviewed various friends of the informer; and that they inquired at several taprooms. All these efforts to locate the informer proved fruitless. We find these efforts to have been reasonable and shall therefore deny defendant's motions.