**UNITED STATES of America,
Plaintiff-Appellee,
v.
Paul Darrell HENLEY and Stanley Paul
Rutkowski, Defendants-Appellants.**

No. 74–1238
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.
Oct. 9, 1974.

Rehearing and Rehearing En Banc
Denied Dec. 16, 1974.

John D. Shofi, Tampa, Fla. (Court-appointed), for Henley.

Raymond E. LaPorte, Tampa, Fla., for Rutkowski.

John L. Briggs, U. S. Atty., Jacksonville, Fla., D. Frank Winkles, Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

After a jury trial defendants were convicted of importation and possession with intent to distribute 14,550 pounds of marijuana. 21 U.S.C.A. §§ 952(a), 960(b)(2) and 21 U.S.C.A. §§ 841(a)(1) and (b)(1)(B). We have examined the briefs and record in respect to the errors assigned on this appeal. None of these points warrants disturbance of the District Court decision. The prosecutor's statements, acts, and conduct were in reply to defense arguments, and were, in totality, not unfairly

---

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I (5th Cir. 1970).

prejudicial to defendants. *See* United States v. Rhoden, 453 F.2d 598 (5th Cir.), cert. denied, 406 U.S. 947, 92 S. Ct. 2050, 32 L.Ed.2d 334 (1972).

■ The overwhelming evidence of possession of more than seven tons of marijuana justified the court's refusal to instruct the jury on the lesser included offense of simple possession. *See* Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965).

■ Evidence as to defendant Henley's reputation was properly allowed after he testified and introduced the defense of entrapment. Rocha v. United States, 401 F.2d 529 (5th Cir.), cert. denied, 393 U.S. 1103, 89 S.Ct. 905, 21 L. Ed. 796 (1969).

■ In United States v. Gaines, 489 F.2d 690 (5th Cir. 1974), we rejected the argument that the government must prove the seized marijuana was Cannabis Sativa L.

The evidence amply warrants the finding of guilt and no error of law is perceived in the trial.

Affirmed.