**UNITED STATES of America, Appellee,**

v.

**Gary KINSEY, Appellant,**

**No. 227, Docket 74–2014.**

United States Court of Appeals, Second Circuit.

Argued Oct. 16, 1974.

Decided Oct. 31, 1974.

Frank R. Webster, Rochester, N.Y., for appellant.

Gerald J. Houlihan, Asst. U. S. Atty., (John T. Elfvin, U. S. Atty., for the W. D. N. Y., on the brief), for appellee.

Before DANAHER,* FEINBERG and

MULLIGAN, Circuit Judges.

PER CURIAM:

After a jury trial before Harold P. Burke, J., in the United States District Court for the Western District of New York, Gary Kinsey was found guilty of possession, with intent to distribute, of approximately 107 pounds of marijuana in violation of 21 U.S.C. § 841(a)(1). On appeal, Kinsey claims it was error for the judge to have instructed the jury that the statutory definition of "marihuana," which is, in relevant part, "the plant Cannabis sativa L.," 21 U.S.C. § 802(15), encompassed two other forms of the plant. In United States v. Rothberg, 480 F.2d 534 (2d Cir.), cert. denied, 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106 (1973), this court rejected a similar argument directed against the predecessor of the present statute. Accord, United States v. Moore, 446 F.2d 448 (3d Cir. 1971), cert. denied, 406 U.S. 909, 92 S.Ct. 1617, 31 L.Ed.2d 820 (1972). This case is apparently the first in this court to press the argument under the new law. Despite the 1970 revisions, we believe that the reasoning of *Rothberg* still controls, and that under the new law Congress intended to prohibit possession of all varieties of marijuana. Accord, United States v. Gaines, 489 F.2d 690 (5th Cir. 1974); contra, United States v. Collier, 14 Cr.L. 2501 (D.C.Super.Ct., Mar. 19, 1974). The Government proved beyond a reasonable doubt that Kinsey possessed marijuana. Appellant's other contentions are without merit. The judgment is affirmed.

* Of the United States Court of Appeals for the District of Columbia, sitting by designation.