914 F.2d 259
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maynard L. TURBYFILL, Defendant-Appellant.
 No. 89-1876.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before WELLFORD and SUHRHEINRICH, Circuit Judges, and HOLSCHUH*, Chief District Judge.
 PER CURIAM.
 
 
 1
 On January 27, 1989, a superseding indictment issued against defendant Turbyfill, charging the defendant with possessing with the intent to distribute over 100 kilograms of marijuana and with being a felon in possession of firearms. Before jury selection, the court severed the firearm charge.
 
 
 2
 On April 17, 1989, the jury returned a guilty verdict against the defendant on the drug charge. The government had dismissed the firearm charge pursuant to an earlier agreement between the parties. The court sentenced the defendant to 120 months imprisonment and an eight year term of supervised release upon discharge from prison. The defendant filed a timely notice of appeal, claiming that the district court erred in instructing the jury on the definition of marijuana.
 
 
 3
 The defendant argues that the definition of marijuana given the jury was broader than the statutory definition, 21 U.S.C. Sec. 802(16).[1] The statutory definition is as follows:
 
 
 4
 (16) the term "marihuana" means all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.
 
 
 5
 The district court instructed the jury as to the definition of marijuana:
 
 
 6
 Anyway, marihuana includes three distinct types of marihuana: Cannabis sativa L, cannabis indica, and cannabis ruderalis.
 
 
 7
 On the evidence in this case, to be classified as marihuana, there must be present within the substance, a chemical referred to as D 9 THC, which is an acronym for Tetrahydrocannabinol.
 
 
 8
 The following language is taken from the statutory definition of marihuana. The term marihuana means all parts of the plant, whether growing or not, the seeds thereof, the resin extracted from any part of such plant, and every compound, manufactured salt, derivative mixture or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plants, fiber produced from such stalks, oil or cake made from the seeds of such plants, any other compound, manufactured salt derivative, mixture or preparation of such mature stalks, except the resin extracted therefrom, fiber, oil or cake or the sterilized seed of such plant, which is incapable of germination.
 
 
 9
 In support of his argument, defendant relies on United States v. Lewallen, 385 F.Supp. 1140 (W.D.Wis.1974). In Lewallen, the court held that the definition of marijuana included only cannabis sativa. Id.[2]
 
 
 10
 This court, however, has held that the "Congressional prohibition [against marijuana] was intended to apply to all forms of marijuana." United States v. Dinapoli, 519 F.2d 104, 106 (6th Cir.1975). Each circuit which has been confronted with this issue has held that marijuana includes all types of marijuana and is therefore broader than the statutory definition of marijuana. United States v. Walton, 514 F.2d 201, 203-04 (D.C.Cir.1975); United States v. Honneus, 508 F.2d 566, 574-75 (1st Cir.1974), cert. denied, 421 U.S. 948 (1975); United States v. Kinsey, 505 F.2d 1354 (2d Cir.1974); United States v. Moore, 446 F.2d 448, 450 (3d Cir.1971), cert. denied, 406 U.S. 909 (1972); United States v. Sifuentes, 504 F.2d 845, 849 (4th Cir.1974); United States v. Maskey, 609 F.2d 183, 188 (5th Cir.), cert. denied, 447 U.S. (1980); United States v. Lupo, 652 F.2d 723, 728 (7th Cir.1981), cert. denied, 457 U.S. 1135 (1982); United States v. Gavic, 520 F.2d 1346, 1352 (8th Cir.1975); United States v. Kelly, 527 F.2d 961, 963-64 (9th Cir.1976); and United States v. Gagnon, 635 F.2d 766, 770 (10th Cir.1980), cert. denied, 451 US. 1018 (1981).
 
 
 11
 As the legislative history indicates, Congress intended to prohibit all forms of marijuana:
 
 
 12
 Looking at the legislative history of this latter law, we find that the definition of marijuana was intended to include those parts of marijuana which contain THC and to exclude those parts which do not. Furthermore, there was no testimony that we have been able to locate before the Congress that marijuana was anything other than monotypical and there is no discussion in the Congressional reports of different species of marijuana. The references to the definition of marijuana in the hearings all either indicate that the witnesses believed marijuana was monotypical or that the term sativa L. encompassed all marijuana including that known as Cannabis indica. Walton's own evidence indicates that the scientific community in this country did not become aware of the possible polytypical status of marijuana until the late 1960's. There is no evidence that this new knowledge was brought to the attention of Congress in 1970. The legislative history is absolutely clear that Congress meant to outlaw all plants popularly known as marijuana to the extent those plants possessed THC. Every federal appeals court which has considered the point has reached a similar conclusion.
 
 
 13
 Walton, 515 F.2d at 203-04 (footnotes omitted).
 
 
 14
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 THE HONORABLE JOHN D. HOLSCHUH, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Defendant also argues that the statute is unconstitutionally void for vagueness. Defendant failed to raise the argument below; thus, he waived such argument. (A plain reading of the statute would indicate that it is not unconstitutionally vague.)
 
 
 [2]
 There are three types of marijuana: cannabis sativa, cannabis ruderalis, and cannabis indica. The government expert testified that while he was unable to identify which type of marijuana that the defendant possessed, he testified that the three types of marijuana, once the marijuana is ground up or processed, are virtually impossible to distinguish