UNITED STATES of America, Plaintiff,

v.

**Thomas E. NORTHROP, Defendant.**

No. 96–CR–6015L.

United States District Court,
W.D. New York.

Aug. 11, 1997.

Richard Coia, Panzarella, Coia & Mazzullo, Rochester, NY, for Thomas E. Northrop.

Frank Sherman, U.S. Attorney's Office, Rochester, NY, for U.S.

## DECISION AND ORDER

LARIMER, Chief Judge.

On June 4, 1997, defendant Thomas E. Northrop ("Northrop") was convicted of manufacturing, and possessing with intent to manufacture and distribute, marihuana in violation of 21 U.S.C. § 841(a)(1).

Pending before the Court is Northrop's motion for judgment of acquittal, pursuant to Fed.R.Crim.P. 29(c), on the ground that there was no evidence at trial that the plant material referred to in the indictment, and at trial, as marihuana was actually cannabis, as defined at 21 U.S.C. § 802(16), or that the plant material contained THC, the active ingredient in cannabis.

## DISCUSSION

Section 841(a)(1) provides that "it shall be unlawful for any person knowingly or intentionally to manufacture . . . or possess with intent to manufacture [or] distribute . . . a controlled substance." 21 U.S.C. § 841(a)(1). Marihuana is classified as a controlled substance under 21 U.S.C. § 812(c) Schedule I(c)(10). The term "marihuana" is defined as:

> all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin. Such term does not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination.

21 U.S.C. § 802(16).

The statute specifically prohibits the manufacture of marihuana or possession of marihuana with intent to manufacture or distribute. Therefore, the government must prove beyond a reasonable doubt that the controlled substance in question was actually marihuana. *United States v. Spann,* 515 F.2d 579 (10th Cir.1975); *United States v. Kinsey,* 505 F.2d 1354 (2d Cir.1974); *United States v. Moore,* 330 F.Supp. 684 (E.D.Pa. 1970), *aff'd,* 446 F.2d 448 (3d Cir.1971). This may be done through either direct or circum-

stantial evidence, and a chemical test on the substance is not essential for a conviction. *United States v. Madkour,* 930 F.2d 234, 239 (2d Cir.1991); *United States v. Schrock,* 855 F.2d 327, 334 (6th Cir.1988); *United States v. Clark,* 613 F.2d 391, 405–06 (2d Cir.1979).

 Although the term marihuana is defined as "all parts of the plant Cannabis sativa L.," there is no requirement that the government establish that the substance in question is actually Cannabis sativa L. or that it is even Cannabis. *Spann,* 515 F.2d 579; *Kinsey,* 505 F.2d 1354; *United States v. Henley,* 502 F.2d 585 (5th Cir.1974); *Moore,* 330 F.Supp. 684. The terms marihuana, Cannabis Sativa L., and Cannabis are simply synonymous. *See Moore,* 330 F.Supp. at 686. It is well settled that in enacting the statute, Congress intended to prohibit the manufacture of all species of plants popularly known as marihuana. *Madkour,* 930 F.2d at 239; *United States v. Gagnon,* 635 F.2d 766, 770 (10th Cir.1980); *Kinsey,* 505 F.2d at 1354. Therefore, proof that the substance is marihuana or Cannabis is sufficient to sustain a conviction.

 In the instant case, the government established through competent evidence, which apparently was found credible by the jury, that the plant material in question was marihuana or Cannabis. For example, several law enforcement officers, trained in marihuana identification, testified that they observed the plants in question and that they were marihuana. Additionally, contrary to defendant's assertion, two lay witnesses specifically identified the substance as Cannabis. Frank DiBiase, a teacher, testified that he came upon a field of plants while collecting specimens for his class. He determined that the plants were Cannabis by referring to a nature book that he had with him at the time. DiBiase then contacted law enforcement officials and brought them to this site, which adjoined the Northrop property. Those plants were seized the next day when the search warrant was executed. Michael Hurley also testified, based on his many years of marihuana growing experience, that the plants depicted in Government's Exhibit 3–E, which were located behind the bunkhouse on Northrop's property, were "Marijuana, can-

nabis sativa." Further, a field test performed on a sample of the plants indicated that the substance was marihuana. Finally, and most significantly, the defense at trial was never told that the plants were not marihuana or cannabis, as defined under the statute, but merely that Northrop was not the individual who grew them. There was simply no evidence introduced that the plants were anything other than marihuana. Therefore, I find that the evidence adduced at trial is sufficient to sustain Northrop's conviction under § 841(a)(1).

 Defendant also claims that there was no evidence that the marihuana plants in question contained THC. The presence of THC is not required for a plant to be considered marihuana under 21 U.S.C. § 802(16). *United States v. Coslet,* 987 F.2d 1493, 1496 (10th Cir.1993). Congress has determined that the manufacture or possession of some quantity of marihuana regardless of its particular hallucinogenic qualities is prohibited. *Spann,* 515 F.2d at 583–84. Therefore, this argument also is without merit.

## CONCLUSION

For the foregoing reasons, Northrop's motion for judgment of acquittal is denied.

IT IS SO ORDERED.