Dennis TAYLOR, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 1997–CA–002104–MR.

Court of Appeals of Kentucky.

Dec. 23, 1998.

Steve Vidmer, Murray, for Appellant.

A.B. Chandler, III, Attorney General, Anitria M. Franklin, Assistant Attorney General, Frankfort, for Appellee.

Before HUDDLESTON, McANULTY, and SCHRODER, Judges.

## OPINION

SCHRODER, Judge.

This is an appeal from a judgment convicting appellant of trafficking in marijuana, greater than eight ounces and less than five pounds. Appellant argues there was insufficient evidence of the offense because there was no evidence that the samples tested by officials were of the species cannabis and because officials tested only six out of 98 plants used to determine the total weight of the marijuana he was charged with trafficking. We reject both of appellant's arguments and, thus, affirm.

Having received information that appellant, Dennis Taylor, was growing marijuana on his property, Calloway County Sheriff, Stan Scott, obtained a warrant to search appellant's property. Upon executing the warrant, Sheriff Scott and Sergeant McDaniel conducted a search of a storage building on appellant's property. The officers found the following in the building: 98 plants that the officers believed to be marijuana; one water pump; four electric timers; one wall thermometer; a hydrofarm carbon dioxide regulator injection system; one horticultural grow light; two bottles of hydroponic nutrient solution; and a maxi-jet water pump. The officers found the following in appellant's mobile home: a wooden box containing marijuana seeds; packages of miracle grow fertilizer; plant starter; and several hemostats. Sheriff Scott testified that he thereafter took samples from six of the 98 plants he believed to be marijuana and sent them to the state forensic lab. Appellant and the Commonwealth stipulated that the weight of the 98 plants was greater than eight ounces but less than five pounds.

Brandon Werry, a chemist at the Kentucky State Police Western Regional Forensic Laboratory, testified that based upon microscopic and chemical analysis, he determined that the substance sent to him contained delta–9–tetrahydrocannabinol, which he concluded to be marijuana. He stated that the amount of marijuana sent to him for testing totaled .5 grams.

The jury found appellant guilty of trafficking in marijuana, more than eight ounces and less than five pounds, and possession of drug paraphernalia. He was sentenced to five years' imprisonment on the trafficking charge. This appeal of the trafficking conviction followed.

Appellant first argues that there was insufficient evidence of trafficking in marijuana because there was no evidence that the samples tested were of the cannabis species as required by the statutory definition of marijuana. "Marijuana," for purposes of KRS Chapter 218A, is defined thus:

all parts of the plant Cannabis sp., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin or any compound, mixture, or preparation which contains any quantity of these substances.

KRS 218A.010(12).

When Werry, the Commonwealth's expert who tested the substance, testified, he did not ever specifically state that the substance was of the cannabis species. He testified that the substance was confirmed to be marijuana because it contained the chemical delta–9–tetrahydrocannabinol. As to this issue, we adopt the view of the United States District Court in *United States v. Northrop*, 972 F.Supp. 183 (W.D.N.Y.1997), wherein the defendant, who was convicted of manufacturing marijuana, argued that no evidence was presented at trial that the plant material referred to in the indictment was actually cannabis as defined in 21 U.S.C. § 802(16). The Court rejected the argument, reasoning:

Although the term marihuana is defined as "all parts of the plant Cannabis sativa L.," there is no requirement that the government establish that the substance in question is actually Cannabis sativa L. or that it is even Cannabis. [*United States v.*] *Spann,* 515 F.2d 579 [ (10th Cir.1975) ]; [*United States v.*] *Kinsey,* 505 F.2d 1354

[ (2nd Cir.1974) ]; *United States v. Henley,* 502 F.2d 585 (5 th Cir.1974); [*United States v.*] *Moore,* 330 F.Supp. 684 [ (E.D.Pa.1970) ]. The terms, marihuana, Cannabis Sativa L., and Cannabis are simply synonymous. See *Moore,* 330 F.Supp. at 686. It is well settled that in enacting the statute, Congress intended to prohibit the manufacture of all species of plants popularly known as marihuana. [*United States v.*] *Madkour,* 930 F.2d [234] at 239 [ (2nd Cir.1991) ]; *United States v. Gagnon,* 635 F.2d 766, 770 (10th Cir.1980); *Kinsey,* 505 F.2d at 1354. Therefore, proof that the substance is marihuana or Cannabis is sufficient to sustain a conviction.

*Northrop,* 972 F.Supp. at 185.

■ Similarly, in the instant case, the fact that the Commonwealth's witness did not specifically testify that the substance was of the cannabis species did not prove fatal to the Commonwealth's case. The witness testified that he tested the substance and found it to be marijuana. We believe that testimony was sufficient to convict appellant under KRS 218A.1421.

Appellant next argues that there was insufficient evidence of trafficking in marijuana because only six out of the 98 plants used to determine the total amount of marijuana were tested at the state forensic lab. It is appellant's position that since weight (more than eight ounces and less than five pounds) was an element of the trafficking offense with which he was charged, each plant used to determine the total weight must be tested.

In *Howard v. Commonwealth,* Ky.App., 787 S.W.2d 264 (1989), the appellant was convicted of trafficking in marijuana purely on the basis of an audiotape of appellant's offering to sell marijuana and a photograph of appellant's entering the building where the transaction occurred carrying a paper bag sufficient to hold a pound of marijuana. Because the police were in the midst of an ongoing drug investigation, the appellant was not arrested at the time the offense was committed and, consequently, no marijuana was seized. Thus, no marijuana was available for testing or for admission at trial. Appellant argued that the Commonwealth was required to produce the marijuana allegedly possessed by appellant for sale at trial. This Court rejected appellant's argument, holding, "[a]lthough it would certainly have been desirable for the Commonwealth to have produced a sample of the marijuana it contends appellant possessed with the intent to sell, we do not believe it to have been essential because proof of the nature of the substance can be had by circumstantial evidence." *Id.* at 267. Thus, it appears that in Kentucky, there is no requirement that any of the substance be scientifically tested to be marijuana. However, appellant would doubtless argue that *Howard* is distinguishable because the defendant in that case was not charged with trafficking a certain amount of marijuana as in the present case.

We would also note that the present case is not a case such as *Green v. Commonwealth,* Ky.App., 684 S.W.2d 13 (1984) or *Smith v. Commonwealth,* Ky., 722 S.W.2d 892 (1987) where the total drug sample which was tested was inadvertently destroyed and the defendant was not provided an opportunity to conduct his own test of the sample or to participate in the testing process. *But see Allen v. Commonwealth,* Ky.App., 817 S.W.2d 458 (1991). There was no indication in the record that appellant ever sought to conduct his own independent test on any of the plant materials which were seized.

The precise issue before us, whether the state is required to test samples from all individual portions of a controlled substance when the charge against the defendant relates to a certain amount of a controlled substance, appears to be an issue of first impression in Kentucky. Missouri has recognized that the state need not test all samples of a single substance. *State v. Givens,* 917 S.W.2d 215 (Mo.App.1996) (only one of seventeen bags of cocaine was analyzed); *State v. Gibson,* 856 S.W.2d 78 (Mo.App.1993) (only one of several chunks of crack cocaine was tested); *State v. Diercks,* 674 S.W.2d 72 (Mo.App.1984) (only seven of 190 marijuana plants were tested). Similarly, in *Stayton v. State,* 400 N.E.2d 784 (Ind.App.1980), three random samples were tested from fifty pounds of marijuana seized, and the tests confirmed that each sample was marijuana.

The officers who seized the material testified that, based on their experience, the entire fifty pounds were marijuana. The Court held that there was sufficient circumstantial evidence to prove that the entire fifty pounds were marijuana. Likewise, the Court in *State v. Selph*, 625 S.W.2d 285 (Tenn.Crim. App.1981), held that the fact that only a small portion of a substance was tested and confirmed to be a controlled substance did not preclude the jury from finding the entire amount to be the same controlled substance.

■ Decisions of various federal courts have also held that the government is not required to test each marijuana plant for the presence of marijuana in order to find that a defendant possessed or manufactured over 100 plants, for purposes of mandatory statutory minimum sentencing. *United States v. Coslet*, 987 F.2d 1493 (10th Cir.1993); *United States v. Scalia*, 993 F.2d 984 (1st Cir. 1993); *United States v. Madkour*, 930 F.2d 234 (2nd Cir.1991), *cert. denied*, 502 U.S. 911, 112 S.Ct. 308, 116 L.Ed.2d 251 (1991). The Court in *Scalia*, 993 F.2d 984, relying primarily on *United States v. McCutchen*, 992 F.2d 22, 23–24 (3rd Cir.1993), looked at the following factors to determine that the government presented sufficient reliable evidence to attribute the full quantity of marijuana seized to the defendant: a proper random selection procedure was employed; the tested and untested substances were contemporaneously seized at the search scene; the tested and untested substances were sufficiently similar in physical appearance; the scientific testing method conformed with an accepted methodology; all of the samples subjected to scientific analysis tested positive for the same substance; and the absence of evidence that the untested substance was different from the tested substance. Applying those factors to the instant case, we conclude that there was sufficient evidence to find appellant guilty of trafficking the entire 98 plants seized.

The evidence established that all 98 plants were seized at the same time and from the same location and that officials randomly took samples from six plants. The samples were thereafter subjected to microscopic and chemical testing at the state forensic lab where all six samples tested positive for marijuana. The Sheriff testified that all 98 plants seized appeared to be marijuana. In reviewing the record, we see no evidence, and appellant does not allege, that the 92 plants not tested were different from the six plants which were tested.

For the reasons stated above, the judgment of the Calloway Circuit Court is affirmed.

All concur.