RENDERED: MAY 8, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1235-MR

BRIAN MARCUM　　　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　APPEAL FROM CLINTON CIRCUIT COURT
v.　　　　　　　HONORABLE DAVID L. WILLIAMS, JUDGE
　　　　　　　　ACTION NO. 23-CR-00050

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE

AND

NO. 2024-CA-1236-MR

BRIAN MARCUM　　　　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　APPEAL FROM CLINTON CIRCUIT COURT
v.　　　　　　　HONORABLE DAVID L. WILLIAMS, JUDGE
　　　　　　　　ACTION NO. 23-CR-00050

COMMONWEALTH OF KENTUCKY　　　　　　　　　　　APPELLEE

OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING APPEAL NO. 2024-CA-1235-MR
AND
AFFIRMING APPEAL NO. 2024-CA-1236-MR

** ** ** ** **

BEFORE: CETRULO, A. JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Brian Marcum brings Appeal No. 2024-CA-1235-MR from a June 18, 2024, judgment of the Clinton Circuit Court sentencing Marcum to a total of ten-years' imprisonment. Marcum also brings Appeal No. 2024-CA-1236-MR from a September 4, 2024, order of the Clinton Circuit Court denying Marcum's motion for judgment of acquittal. We affirm in part, reverse in part, and remand Appeal No. 2024-CA-1235-MR, and we affirm Appeal No. 2024-CA-1236-MR.

On July 30, 2023, the Clinton County Sheriff received a request for a welfare check of a residence located at 55 Cecil Way, as the residence's windows and doors had been open for a day or more. A deputy was dispatched to perform the check. Upon arrival, the deputy observed that the front door and a window were open, so he proceeded to knock on the front door. No one responded. Thereupon, the deputy entered the home and observed a large marijuana plant in the shower, a grow light, and drug paraphernalia. He then exited the house, and the next day, a warrant was obtained and executed to search the residence. At the time of the search, Marcum was at the house. A search of the house yielded a

-2-

marijuana plant in a shower, a marijuana plant on the back deck, a planting tray with small seedlings, a large quantity of plastic bags, and liquid growth hormone for plants.

On August 1, 2023, the Clinton County Grand Jury indicted Marcum upon the offenses of marijuana cultivation, possession of drug paraphernalia, trafficking in marijuana (more than eight ounces), and with being a second-degree persistent felony offender. A jury trial ensued. The jury found Marcum guilty of marijuana cultivation, possession of drug paraphernalia, and trafficking in marijuana. However, the jury left the verdict form blank upon whether Marcum was guilty of being a second-degree persistent felony offender. The jury then recommended a sentence of five-years' imprisonment for marijuana cultivation, twelve months for trafficking in marijuana, and twelve months for possession of drug paraphernalia. And, although the jury left a blank on the instruction adjudicating the guilt/innocence of being a second-degree persistent felony offender, the jury inexplicably recommended a sentence of ten years for being a second-degree persistent felony offender. By Judgment and Sentence on Pleas of Not Guilty (Judgment) entered June 18, 2024, the circuit court sentenced Marcum to a total of ten-years' imprisonment upon the offenses of cultivation of marijuana, trafficking in marijuana, possession of drug paraphernalia, and with being a second-degree persistent felony offender. Nonetheless, by another order entered

-3-

the same day (June 18, 2024), the circuit court dismissed the charge of second-degree felony offender "[p]ursuant to a jury trial." Record at 111. Marcum then filed a motion for judgment of acquittal, which was denied by order entered on September 4, 2024.

Marcum filed the notice of appeal (Appeal No. 2024-CA-1235-MR) from the June 18, 2024, judgment and later filed another notice of appeal (Appeal No. 2024-CA-1236-MR) from the September 4, 2024, order. We have consolidated the appeals for review.[1]

## DIRECTED VERDICT – CULTIVATING MARIJUANA

**1. Standard of Review**

Our review of a directed verdict is succinctly set forth as follows:

> On motion for directed verdict, the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserving to the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991). Our review shall proceed accordingly.

---

[1] The Court of Appeals consolidated for review Appeal Nos. 2024-CA-1235-MR and 2024-CA-1236-MR by order entered February 24, 2025.

**2. Analysis**

Marcum contends the circuit court erred by denying his motion for directed verdict upon the offense of cultivating marijuana. Marcum asserts that only samples of two of the eight plants seized were sent to a laboratory for testing; thus, no samples were taken for testing on six remaining plants. Although samples from two plants were sent to the laboratory, Marcum further alleges that the laboratory only tested one sample, and on that one sample, the laboratory failed to perform a THC concentration test. Without such test, Marcum asserts that the Commonwealth could not establish that the tested plant was actually a marijuana plant as opposed to a hemp plant. At trial, Marcum points out that the Commonwealth's laboratory analyst was unable to testify that the test sample was marijuana because testing was not performed to determine the level of THC in the plant. Additionally, Marcum cites to the testimony of the Clinton County Sheriff Ricky Marcum, who testified that marijuana plants must have a THC concentration of at least 0.3%. Marcum maintains that the Commonwealth failed to establish such THC concentration in any of the eight plants. Marcum also alleges that the Commonwealth only introduced sufficient evidence of two viable plants seized from his home, as the other six plants were mere saplings and were dead.

To be guilty of a Class D Felony for cultivating marijuana under Kentucky Revised Statutes (KRS) 218A.1423(1), Marcum alleges that the

-5-

Commonwealth must introduce evidence proving beyond a reasonable doubt that he cultivated five or more plants. As six of the eight plants were mere saplings, were clearly dead, and were not tested, Marcum urges this Court to conclude that the Commonwealth failed to prove that he cultivated five plants or more per KRS 218A.1423, thus entitling him to a directed verdict of acquittal.

Under Kentucky's penal statutes, marijuana is defined, in relevant part:

> "Marijuana" means all parts of the plant Cannabis sp., whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seeds or resin or any compound, mixture, or preparation which contains any quantity of these substances. The term "marijuana" does not include:
>
> > (a) Industrial hemp that is in the possession, custody, or control of a person who holds a license issued by the Department of Agriculture permitting that person to cultivate, handle, or process industrial hemp;
> >
> > (b) Industrial hemp products that do not include any living plants, viable seeds, leaf materials, or floral materials[.]

KRS 218A.010(28). And cultivation of marijuana is criminalized by KRS 218A.1423, which provides in relevant part:

> (1) A person is guilty of marijuana cultivation when he or she knowingly and unlawfully plants, cultivates, or harvests marijuana with the intent to sell or transfer it,

and the cultivation is not in compliance with, or otherwise authorized by, KRS Chapter 218B.

(2) Unless authorized by KRS Chapter 218B, marijuana cultivation of five (5) or more plants of marijuana is:

(a) For a first offense a Class D felony.

(b) For a second or subsequent offense a Class C felony.

(3) Unless authorized by KRS Chapter 218B, marijuana cultivation of fewer than five (5) plants is:

(a) For a first offense a Class A misdemeanor.

(b) For a second or subsequent offense a Class D felony.

(4) Unless authorized by KRS Chapter 218B, the planting, cultivating, or harvesting of five (5) or more marijuana plants shall be prima facie evidence that the marijuana plants were planted, cultivated, or harvested for the purpose of sale or transfer.

Additionally, it is well-established that the Commonwealth is not required to test a sample of each alleged marijuana plant to support a charge of cultivating or possessing several marijuana plants. *Taylor v. Commonwealth*, 984 S.W.2d 482, 484-85 (Ky. 1998). When less than all marijuana plants are tested that supports a criminal charge, the Kentucky Supreme Court has set forth the following factors "to determine [whether] the government presented sufficient reliable evidence to attribute the full quantity of marijuana seized to the defendant":

> [A] proper random selection procedure was employed; the tested and untested substances were contemporaneously seized at the search scene; the tested and untested substances were sufficiently similar in physical appearance; the scientific testing method conformed with an accepted methodology; all of the samples subjected to scientific analysis tested positive for the same substance; and the absence of evidence that the untested substance was different from the tested substance. . . .

*Taylor*, 984 S.W.2d at 485. Thus, when the Commonwealth tests less than all the marijuana plants seized, the test results may be used to classify all the plants seized as marijuana if the factors set forth in *Taylor* weigh in favor of the Commonwealth. *Id.* If the factors do not, the Commonwealth may not rely upon the testing to prove that the untested plants were marijuana and must otherwise prove that the untested plants were marijuana.

As Marcum was convicted of cultivating marijuana, five or more plants, under KRS 218A.1423(2), it was incumbent upon the Commonwealth to have introduced evidence proving beyond a reasonable doubt that at least five plants seized were marijuana. The Commonwealth points to the testimony of the laboratory analyst and Sheriff Marcum. The laboratory analyst did testify that one sample was marijuana as it contained THC. Nonetheless, it was undisputed that a total of eight alleged marijuana plants were seized, and the plants were seized at the same time. From the evidence presented, only two of the marijuana plants were grown beyond saplings, so the two samples were taken from each of the

-8-

mature marijuana plants.  However, only one sample was actually tested, and it was not tested for its THC concentration.  The laboratory analyst admitted at trial that a THC concentration test was the only method to differentiate marijuana from hemp.  As only one sample was tested and it was not tested for its THC concentration, no other samples tested positive for marijuana.  Additionally, there was a marked distinction between the two mature plants and the six samplings.  At trial, photos were introduced of the plants.  The two mature plants were green and bushy with numerous leaves, whereas, the six saplings were small and dried with a brown appearance.  The six saplings consisted of a thin stalk and small shriveled leaves.[2]  The mature plants and saplings could not have been more dissimilar in appearance.  Under the factors set forth in *Taylor*, 984 S.W.2d at 485, we conclude that the factors weigh against the Commonwealth, and the testing cannot be utilized to prove that the six saplings were marijuana.

However, the Commonwealth also introduced the testimony of Sheriff Marcum.  Sheriff Marcum testified that he was trained to identify marijuana plants and that it was his opinion that all the seized plants, including the saplings, were marijuana.  Marcum countered that during the Sheriff's testimony, Sheriff Marcum admitted that hemp plants and marijuana plants were indistinguishable in

---

[2] Clinton County Sheriff Ricky Marcum testified that the some of the six saplings were alive when seized but later died.

appearance; thus, Marcum contends that the sheriff's testimony alone was insufficient to prove that the saplings were, in fact, marijuana and not hemp.

This issue was addressed by the Court of Appeals in *Lundy v. Commonwealth*, 511 S.W.3d 398 (Ky. App. 2017). Therein, defendant argued that a directed verdict was proper as the Commonwealth could not prove that the seized plants were marijuana and not hemp. Our Court rejected that argument by reasoning:

> While the level of THC distinguishes marijuana plants from hemp plants under federal and Kentucky law, that distinction is only relevant if Mark could legally possess industrial hemp. Under Kentucky law, he could do so only if properly licensed and engaged in growing hemp or possessing hemp for industrial use. No such evidence was presented. If the facts were different and Mark could legally possess industrial hemp plants or was in possession of a commercial hemp product containing THC, we would agree that the Commonwealth must establish the THC level in the plants or the product was more than .3 percent. That simply is not the case.
>
> Moreover, there was more than sufficient circumstantial evidence that the plant material was marijuana. *See Graves v. Commonwealth*, 17 S.W.3d 858, 862 (Ky. 2000). Plants were found in an indoor grow operation in an outbuilding cellar, a highly unusual place to grow hemp but consistent with illegally growing marijuana. There was testimony that the bud from the marijuana plants was found in the freezer, a practice known to preserve the THC level. There was also testimony that while cloning solution was found in the outbuilding, hemp growers are not concerned with whether the plants are male or female. Based on the

-10-

> evidence, the trial court properly denied the motion for
> directed verdict.

*Id.* at 406-07.

In this case, the Commonwealth introduced evidence that all eight plants were found in Marcum's residence. One of the larger plants was located in a bathroom, and the other large plant was located on the back deck of the residence. The six saplings were located in the bathroom. The sheriff testified that Marcum admitted to him that Marcum grew and sold marijuana to support his methamphetamine addiction, and the sheriff testified that all eight plants were marijuana. The sheriff also testified that the six saplings were alive at the time of seizure. A grow light and growth hormone was found at the residence. Viewing the evidence most favorable to the Commonwealth, we are of the opinion that the circuit court properly denied Marcum's motion for a directed verdict upon the offense of cultivating marijuana. There was sufficient direct and circumstantial evidence presented that a reasonable juror could believe beyond a reasonable doubt that Marcum was growing eight marijuana plants. *See Lundy*, 511 S.W.3d at 406-07. The trial court did not err in denying Marcum's motion for directed verdict.

### ACQUITTAL – PERSISTENT FELONY OFFENDER

### 1. Standard of Review

As the acquittal issue was not preserved below, our review centers upon Kentucky Rules of Criminal Procedure (RCr) 10.26, which reads:

> A palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error.

The Kentucky Supreme Court has explained the palpable error rule under RCr 10.26:

> The palpable error rule allows reversal for an unpreserved error only when "manifest injustice has resulted from the error." RCr 10.26. This requires a "probability of a different result or error so fundamental as to threaten a defendant's entitlement to due process of law." *Martin v. Commonwealth*, 207 S.W.3d 1, 3 (Ky. 2006). "When an appellate court engages in a palpable error review, its focus is on what happened and whether the defect is so manifest, fundamental and unambiguous that it threatens the integrity of the judicial process." *Id.* at 5.

*Elery v. Commonwealth*, 368 S.W.3d 78, 98 (Ky. 2012). Our review shall proceed accordingly.

**2. Analysis**

Marcum asserts that the circuit court erred by sentencing him upon the charge of being a second-degree persistent felony offender. Marcum points out that the jury was instructed upon the charge of being a second-degree persistent felony offender but failed to find him guilty thereof. According to Marcum, the jury left blanks upon the questions of whether Marcum was guilty or not guilty of being a second-degree persistent felony offender. Marcum also acknowledges that

-12-

the jury, nonetheless, sentenced him to ten-years' imprisonment for being a second-degree felony offender. Marcum believes the circuit court committed error by sentencing him to ten-years' imprisonment for being a second-degree persistent felony offender. Marcum admits that this error is unpreserved and requests review for palpable error under RCr 10.26.

In Kentucky "[t]he legal operation and effect of a judgment must be determined from a construction and interpretation of its terms." *Bruenger v. Miller*, 706 S.W.3d 247, 261 (Ky. 2024) (quoting *Turner v. Begley*, 39 S.W.2d 504, 506 (Ky. 1931)). When interpretating and construing a judgment, a court generally intends its judgment to be valid; therefore, if the judgment is susceptible of two possible interpretations, we will adopt the interpretation that renders the judgment valid. *Board of Educ. of Campbellsville Indep. Sch. Dist. v. Faulker*, 433 S.W.2d 853, 855 (Ky. 1968).

The record reveals that in Form Verdict No. 2, the jury was instructed to find Marcum either not guilty or guilty of being a persistent felony offender in the second degree. The jury was particularly instructed that it must reach a verdict thereunder before proceeding. Nonetheless, it is uncontroverted that the jury did not return a verdict as to the guilt of Marcum upon the charge of second-degree persistent felony offender. Rather, the jury simply left the instruction blank. In contravention of the instruction, the jury proceeded to recommend a sentence of

ten-years' imprisonment for being a persistent felony offender in the second degree in Form Verdict No. 3.

Subsequently, the circuit court rendered a judgment on June 18, 2024. Therein, the circuit court recited that the jury found Marcum guilty of all offenses, including being a persistent felony offender in the second degree. The circuit court then sentenced Marcum to ten-years' imprisonment based upon an enhanced sentence consistent with Marcum being a second-degree persistent felony offender. Nonetheless, on the same day (June 18, 2024), the circuit court rendered another order. In this order, the circuit court dismissed the charge of being a second-degree persistent felony offender "[p]ursuant to a jury trial." June 18, 2024, order, Record at 111.[3]

It is clear that the June 18, 2024, judgment and the June 18, 2024, order are inherently antithetical. In the judgment, the court sentences Marcum to an enhanced sentence based upon being a persistent felony offender in the second degree, and in the order, the court dismisses the charge of being a second-degree persistent felony offender pursuant to the jury trial. And, both the judgment and order were signed (June 13, 2024) and entered (June 18, 2024) on the same days. Additionally, the jury did not adjudicate Marcum to be guilty of being a second-

---

[3] We observe that a court only speaks though its judgments and orders. *Cumberland Valley Contractors, Inc., v. Bell County Coal Corp.*, 238 S.W.3d 644, 648 (Ky. 2007).

-14-

degree persistent felony offender.  As such, the circuit court could not properly enhance Marcum's sentence of imprisonment for being a persistent felony offender as it did in the Judgment; conversely, the circuit court could properly dismiss the charge of second-degree persistent felony offender as the jury failed to find Marcum guilty thereof.  We also view this error as resulting in manifest injustice to Marcum.  Although the jury did not adjudicate Marcum guilty of being a persistent felony offender and the circuit court dismissed such charge, the circuit court, nonetheless, erroneously enhanced Marcum's sentence of imprisonment for being a persistent felony offender in the second degree.  Based on the record, we do not believe the dismissal of the persistent felony offender charge was a clerical error as argued by the Commonwealth.

Therefore, we reverse that part of the Judgment enhancing Marcum's sentence to ten-years' imprisonment.  Upon remand, the circuit shall resentence Marcum consistent with its order dismissing the charge of second-degree persistent felony offender.  As a result, the circuit court may not impose an enhanced sentence upon Marcum based upon being a second-degree persistent felony offender.

-15-

**DOUBLE JEOPARDY**

**1. Standard of Review**

The double jeopardy argument raised by Marcum in this appeal looks to the interpretation and application of applicable law.  Accordingly, our review is *de novo*.  *See Rushin v. Commonwealth*, 701 S.W.3d 293, 298 (Ky. 2024).

**2. Analysis**

Marcum argues that his conviction upon the offenses of cultivation of marijuana and of trafficking in marijuana violated the prohibition against double jeopardy.  Marcum alleges that the Commonwealth improperly utilized the same marijuana plants to convict him of cultivating marijuana and of trafficking in marijuana.  By utilizing the same marijuana plants, Marcum contends that double jeopardy was offended.

Section 13 of the Kentucky Constitution provides that "[n]o person shall, for the same offense, be twice put in jeopardy of his life or limb[.]"  The prohibition against double jeopardy is also found in the Fifth Amendment to the United States Constitution.  To determine if the constitutional prohibition against double jeopardy has been violated, the Kentucky Supreme Court adopted a test enunciated in *Blockburger v. United States*, 284 U.S. 299 (1932).  In *Blockburger*, the United States Supreme Court held that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to

determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304. Thus, under this test, the prohibition against double jeopardy is offended where defendant "is convicted of two crimes with identical elements, or where one is simply a lesser-included offense of the other." *Kiper v. Commonwealth*, 399 S.W.3d 736, 742 (Ky. 2013) (quoting *Turner v. Commonwealth*, 345 S.W.3d 844, 847 (Ky. 2011)).

Additionally, the Kentucky General Assembly enacted KRS 505.020 as a statutory prohibition against double jeopardy. It reads, in pertinent part:

> (1) When a single course of conduct of a defendant may establish the commission of more than one (1) offense, he may be prosecuted for each such offense. He may not, however, be convicted of more than one (1) offense when:
>
> > (a) One offense is included in the other, as defined in subsection (2); or
> >
> > (b) Inconsistent findings of fact are required to establish the commission of the offenses; or
> >
> > (c) The offense is designed to prohibit a continuing course of conduct and the defendant's course of conduct was uninterrupted by legal process, unless the law expressly provides that specific periods of such conduct constitute separate offenses.
>
> (2) A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

In this case, Marcum was convicted of trafficking in marijuana and the cultivating of marijuana. The offenses of trafficking in marijuana and of cultivating marijuana have different elements. To be guilty of trafficking marijuana, a defendant must intentionally sell, dispense, or transfer marijuana or possess marijuana with the intent to sell, dispense, or transfer it. KRS 218A.1421; KRS 218A.010(56). By contrast, a defendant is guilty of cultivating marijuana if he plants or harvests marijuana with intent to sell or distribute it. KRS 218A.1423. Thus, unlike trafficking in marijuana, a defendant is only guilty of cultivating marijuana if he plants or harvests same. Additionally, in this case, Marcum's acts of trafficking and cultivating marijuana did not constitute a single course of conduct within the purview of KRS 505.020. Consequently, we conclude that

Marcum's conviction of trafficking in marijuana and cultivating of marijuana did not offend the prohibition against double jeopardy.

We view any remaining contentions of error as moot or without merit.

**SUMMMATION**

In summation, we reverse that part of the Judgment enhancing Marcum's sentence to ten-years' imprisonment for being a persistent felony offender in the second degree. Upon remand, the trial court shall resentence Marcum consistent with its order dismissing the charge of second-degree persistent felony offender and may not impose an enhanced sentence upon Marcum based upon being a second-degree persistent felony offender. In all other respects, we affirm the circuit court's Judgment and Sentence on Pleas of Not Guilty and the court's Order denying Marcum's motion for judgment of acquittal.

For the foregoing reasons, we affirm in part, reverse in part, and remand Appeal No. 2024-CA-1235-MR and affirm Appeal No. 2024-CA-1236-MR.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert C. Yang
Assistant Public Advocate
Department of Public Advocacy
Louisville, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Office of the Solicitor General
Frankfort, Kentucky